786 P.2d 538

Richard Paul BINGHAM and Dawn Bingham, husband and wife, as heirs of Richard Paul Bingham, Jr., Plaintiffs–Appellants–Cross Respondents,

v.

IDAHO DEPARTMENT OF TRANSPORTATION, an agency of the State of Idaho, Defendant–Respondent,

and

Snake River Valley School District No. 52, a political subdivision of the State of Idaho, Defendant–Respondent–Cross Appellant,

and

Bingham County, a political subdivision of the State of Idaho; and Cynthia Jo Reed, an individual, Defendants.

Nos. 17058, 17232.

Supreme Court of Idaho.

Dec. 29, 1989.

Rehearing Denied Feb. 22, 1990.

**148**

Holland & Hart, Langroise, Sullivan, Boise, for appellants. Sheila A. Bush argued, Boise.

Quane, Smith, Howard & Hull, Boise, for respondent Dept. of Transp. Brian K. Julian argued, Boise.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for respondent Snake River Valley School Dist. No. 52. Reed W. Larsen argued, Pocatello.

BISTLINE, Justice.

The parents of Richard Paul Bingham, Jr. (plaintiffs) brought this action against the Idaho Department of Transportation (Transportation Department), Snake River Valley School District Number 52 (Snake River), Bingham County, and Cynthia Jo Reed when their son died after he was hit by a truck driven by Ms. Reed. Ms. Reed was driving a potato truck along State Highway 39, adjacent to the Snake River Valley School, when she accidentally struck Richard Bingham. This appeal reviews the district court's grant of summary judgment to the Transportation Department, as well as the court's grant of partial summary judgment to Snake River. We affirm the court's grant of partial summary judgment to Snake River, and reverse in part the grant of summary judgment to the Transportation Department.

"[I]f the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law," then the district court's order of summary judgment should be affirmed. Idaho Rule of Civil Procedure 56(c). Moreover, the pleadings and everything else on file should be liberally construed in favor of the party opposing the summary judgment. *Anderson v. City of Pocatello*, 112 Idaho 176, 179–180, 731 P.2d 171, 174–175 (1986). With that in mind, we begin by examining the plaintiffs' four claims against the Transportation Department.

## I. TRANSPORTATION DEPARTMENT

The district court, after a scholarly discussion of precedent and I.C. § 6–904(1) of the Tort Claims Act, granted the Transportation Department's motion for summary judgment with respect to all four claims in the plaintiffs' complaint directed against the Department. We agree with the district court that summary judgment was proper for the claim alleging that the Transportation Department was negligent in the inspection and maintenance of Highway 39. We reverse the district court's grant of summary judgment on the plaintiffs' three other claims, because the district court incorrectly interpreted I.C. § 6–904(1)[1] as providing a complete shield from liability for the Transportation De-

---

**1.** Subsection (1) provides that "a governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which:

1. Arises out of any act or omission of an employee of the governmental entity exercising ordinary care, in reliance upon or the execution or performance of a statutory or regulatory function, whether or not the statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity, whether or not the discretion is abused." I.C. § 6–904(1).

partment with respect to these three other claims. As this opinion makes clear, the district court also failed to consider I.C. § 6–904(8)[2] of the Tort Claims Act.

Summary judgment was proper for the claim against the Department based upon the alleged negligent inspection and maintenance of the highway, since no triable issue of material fact has been raised by plaintiffs on this claim. R., Vol. 2, 67. Where no issue of material fact exists, summary judgment is appropriate if the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Jones v. EG & G Idaho, Inc.*, 111 Idaho 591, 592–593, 726 P.2d 703, 704–705 (1986); *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The district court's grant of summary judgment to the Transportation Department as to this claim is affirmed.

The district court also held that the Transportation Department is immune from liability for (1) failing to properly plan and design the highway; (2) failing to provide for an appropriate speed limit on the highway adjacent to the Snake River School complex; and (3) failing to place adequate signs along the highway. The court found that I.C. § 6–904(1) shielded the Department from liability for each of these three claims. R., Vol. 2, 69–70. For reasons which we will set out, the court's analysis of I.C. § 6–904(1) was incorrect, and the grant to the Department of summary judgment dismissing these claims is reversed.

■ The Transportation Department is immune from any theory of liability that stems from the design or plan for State Highway 39, but only if that plan or design conformed to then existent design standards and the plan had been approved in advance of construction. I.C. § 6–904(8) specifies that any governmental entity shall not be liable for any claim which "[a]rises out of a plan or design for construction or improvement to the highways … or other public property *where such plan or design is prepared in substantial conformance with engineering or design standards, approved in advance of the construction....*" (Emphasis added.)

The district court did not reach any determination as to whether the plan or design for State Highway 39 had in fact been "prepared in substantial conformance" with then existent design standards, or whether the plan and design had been "approved in advance." Instead, the court simply held that the Transportation Department was immune from any claim which arose out of the plan or design of the highway because of I.C. § 6–904(1). Subsection (1), however, must be read and interpreted in conjunction with Subsection (8). *Sterling v. Bloom*, 111 Idaho 211, 222, 723 P.2d 755, 766 (1986) ("[A]ll provisions of a statute must be given effect, [and] no one part should be rendered mere surplusage by the overly broad construction of another.") (citations omitted).

Contrary to the district court's holding, the plan or design of a highway is not immune from liability under Subsection (1). Subsection (1) may insulate the Transportation Department from liability for having exercised its discretion by deciding (or not deciding) to make a plan or design for Highway 39 in the first place. However, once the Department has made the decision

---

**2.** Subsection (8) provides immunity for any claim which:

Arises out of a plan or design for construction or improvement to the highways, roads, streets, bridges, or other public property where such plan or design is prepared in substantial conformance with engineering or design standards in effect at the time of preparation of the plan or design, approved in advance of the construction or approved by the legislative body of the governmental entity or by some other body or administrative agency, exercising discretion by authority to give such approval. I.C. § 6–904(8).

Solely as a matter of guidance, we note that at the time of this litigation, Subsection (7) of I.C. § 6–904 was identified as Subsection (8). The number of the subsection has since changed, as well as the language. *See* Act of April 4, 1988, ch. 324, 1988 Idaho Sess.Laws 983. The so-called "technical corrections" in the language will not be interpreted to have altered what is required by this Subsection. Therefore, the "or" injected by the Act of April 4 between the words "design" and "approved" is understood to be inclusive, not disjunctive.

to plan and design the highway, it must comply with the two requirements of Subsection (8) to be immune from any suit arising out of that plan or design.

Since questions of fact concerning the Transportation Department's advance approval of the design of the highway and conformance to engineering standards were not addressed by the district court, the court's grant of summary judgment dismissing the plaintiffs' claim that the Department was negligent in the design of Highway 39 is reversed. If plaintiffs can establish that either of these two requirements of Subsection (8) were not met, then immunity from liability for the plan and design of State Highway 39 under I.C. § 6-904(8) is no longer available to the Department.

■ We now turn to the two other claims which the district court held are barred by I.C. § 6-904(1). The court stated that:

> [T]he record clearly shows that the type of roadway, the *speed limit*, the *crosswalks* and *signing* of the highway were all decisions made on planning information and/or design information and based upon [Transportation] Department policy and planning procedures. These decisions regarding *signs and speed limits are precisely those types of matters meant to be protected* under 6-904.1, Idaho Code, as the Supreme Court in *Sterling [v. Bloom,* 111 Idaho 211, 723 P.2d 755 (1986)] points out.

R., Vol. 2, 70 (emphasis added). The district court held that the Transportation Department should be immune from liability in suits that allege, as plaintiffs do here, that the Department negligently failed to provide for an appropriate speed limit, and failed to properly and adequately place warning and other traffic signs along the highway.

Immunity from liability for planning or design decisions regarding highways, bridges, and other public property is furnished by the code provision just discussed, I.C. § 6-904(8). Immunity for discretionary decisions is supplied through I.C. § 6-904(1). As we explain below, the court

erroneously determined that it was discretionary for the Transportation Department to determine the speed limit and place traffic signs and other signals along Highway 39.

The Idaho Tort Claims Act "makes liability the rule with certain specific exceptions." *Sterling,* 111 Idaho at 214–215, 723 P.2d at 758–759 (citations omitted). *See also* I.C. § 6-903(a). This Court in *Sterling* went on to explain the I.C. § 6-904(1) discretionary function exception:

> [T]he term 'discretionary function' could not include the execution or performance of, *i.e.,* the implementation of statutory or regulatory policy. Since discretionary functions involve actions qualitatively different from implementing policy, and since the former by definition involve the exercise of choice, judgment, and the ability to make responsible decisions, then discretionary functions must actually involve the formulation of policy.

111 Idaho at 227, 723 P.2d at 771.

According to the district court's application of Subsection (1), the determination of the speed limit on Highway 39, as well as the placement of warning signs and other signals along the highway, are "activities involving the setting of regulation and policy." *Sterling,* 111 Idaho at 228, 723 P.2d at 772 (footnote omitted). The district court's application of Subsection (1) is incorrect, because the Transportation Department is constrained by statute and its own rules when it determines the speed limit and places warning signs along a highway. While it is true that the Department has some discretion in the placement of signs and the determination of speed limits on a highway, that discretion is confined by policy considerations that have already been determined by the legislature and the Department. (See the discussion of I.C. § 49-201(3) below re: the Department's manual.) The Transportation Department's placement of a sign along a highway or the determination of a safe speed limit is not a policy setting activity; it is an *implementation* of regulations and policies that already exist. These are activities for which the Department may be held

liable if it fails to exercise ordinary care in carrying out these activities.[3]

We will not attempt to catalog all of the statutory and regulatory policy constraints on the Transportation Department regarding when and where it places signs along a highway, and at what speed limit they may permit traffic to pass different land uses. It suffices for the purposes of this review to point out two of the material issues unresolved by the district court summary judgment order. First, the district court did not consider whether the Department had followed its own manual when it posted signs along Highway 39. This Court has determined that the Transportation Department's manual[4] has the force of law. *See Jorstad v. City of Lewiston*, 93 Idaho 122, 129–130, 456 P.2d 766, 773–774 (1969). Preparation of such a manual is prescribed by I.C. § 49–201(3): "The board shall adopt a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this title for use upon highways within the state...." If plaintiffs show at trial that the manual was not followed by the Department, *Jorstad* suggests that plaintiffs may be entitled to judgment because the failure of the Department to follow its manual is negligence per se.

Second, I.C. § 49–201(4) provides the statement of policy which must be implemented by the Transportation Department when it determines the speed limit for a section of any state highway. The Department may declare a speed limit of up to sixty-five miles an hour, but only if such a speed limit is "reasonable and safe" when the conditions surrounding the stretch of highway have been considered. In order to preserve its immunity shield, all the Department must do is exercise ordinary care, as I.C. § 6–904(1) specifically states. However, no presumption arises that the Department did in fact exercise ordinary care simply because it placed some signs along the highway. The Department is not engaged in activities necessarily immune from liability when it maintains or places pedestrian and vehicle traffic signs and signals along a state highway, because such activities are not a statement of policy to be followed in the future, but the *implementation* of policy and regulations that have already been determined sometime in the past.

## II. SNAKE RIVER VALLEY SCHOOL DISTRICT NO. 52

■ The plaintiffs' seven claims against Snake River are that it negligently failed to: (1) properly design the section of highway adjacent to the school; (2) properly inspect and maintain the highway; (3) provide for an appropriate speed limit; (4) properly and adequately "sign" the highway; (5) provide a safe school area; (6) provide a safe highway crossing for school children;[5] and (7) encourage pedestrians to use established crosswalks.

The district court properly granted summary judgment on the first four of the seven claims which plaintiffs allege against Snake River, because no issue of material fact was raised with respect to those four claims. R., Vol 4, 10.[6] Plaintiffs devote

---

3. I.C. § 6–904(1) explicitly refers to the ordinary care standard.

4. I.C. § 49–206 requires that "[t]he provisions of this title shall be applicable and uniform throughout this state ..." That is, the manual adopted by the Transportation Department must be followed and applied equally to all state highways.

5. To distinguish claim (6) from claim (4), we interpret claim (4) to allege that Snake River negligently failed to post appropriate highway signs, while claim (6) alleges that Snake River failed to provide a safe area within the school's control from which pupils could safely cross the highway.

6. We reject the district court's other reason for granting summary judgment to Snake River on plaintiffs' first four claims. The court erroneously stated that "[e]ven assuming the School District had a general duty regarding design, inspection, maintenance, speed limits and signing for the highway, decisions regarding the same would be classified as [immune] 'planning' decisions under a *Sterling* analysis." R., Vol. 4, 12. As we stated before, these are not automatically immune decisions, but decisions that must be carried out with ordinary care. (In the case of design decisions, they must also be carried out in accordance with the requirements of Subsection (8).) Moreover, plaintiffs have not demonstrated that Snake River has any

one paragraph in their brief to this Court challenging the district court's determination that no issue of material fact exists. (See p. 36 of plaintiffs' brief.) In their reply brief at page 16, mention is made of statutory powers Snake River allegedly has over Highway 39. All of the statutes mentioned deal with local authorities, and the statutory definition of that term only includes those local bodies with the "authority to enact laws relating to traffic under the constitution and laws of this state." I.C. § 49–113(9). These contentions are not sufficient to raise a material issue of fact as to the first four claims listed above, and Snake River is entitled to summary judgment as a matter of law on these four claims.[7] I.R.C.P. 56(c); *Jones v. EG & G Idaho, Inc.,* 111 Idaho at 592–593, 726 P.2d at 704–705; *Poller v. Columbia Broadcasting System,* 368 U.S. at 467, 82 S.Ct. at 488.

 We also affirm the court's denial of summary judgment as to the last three of plaintiffs' claims, because material issues of fact remain. As the court points out, Snake River had implemented a safety busing program. R., Vol. 4, 12–13. Once the decision to implement such a program has been made,[8] its implementation may be reviewed. It remains to be determined whether Snake River was in any way negligent in its implementation of the safety busing program. Of course, it also remains to be determined what duty Snake River owed to Richard, whether that duty was breached, and whether the breach was a proximate cause of Richard's death.

In conclusion, the court's order granting partial summary judgment to Snake River is affirmed, but for the reasons given above. The court's grant of summary judgment to the Transportation Department is reversed in part and affirmed in part for the reasons given in this opinion.

Reversed in part, affirmed in part, and remanded for further proceedings consistent herewith. Costs awarded to appellants.

JOHNSON and McQUADE, JJ., and BOYLE, J. Pro Tem., concur.

SHEPARD, J. sat, but did not participate in this opinion due to his untimely death.

---

duty or power over the state highway. At best, the school district could only have requested appropriate action of the Transportation Department. If unsuccessful, it could have then remonstrated, and perhaps gone so far as to close the school, or instigate some activity by the affected parents of the endangered children.

7. I.C. § 33–512(4) entrusts the board of trustees of each school district with the duty of protecting the morals and health of the pupils, but no subsection of I.C. § 33–512 confers any power to the board over state highway traffic signs and designations.

8. The statutory grant of power that allows a school district to set up such a program is found in I.C. § 33–1501 ("The board [of each school district] may transport any pupil a lesser distance when in its judgment the age or health or safety of the pupil warrants.").