801 P.2d 561

**The ESTATE OF Alvin C. WELLARD, and the heirs of Alvin C. Wellard, Plaintiffs–Appellants,**

v.

**STATE of Idaho, DEPARTMENT OF TRANSPORTATION, Defendant–Respondent.**

No. 17616.

Supreme Court of Idaho.

Oct. 30, 1990.

Rehearing Denied Oct. 30, 1990.

Randall D. Schulthies, Pocatello, for plaintiffs-appellants.

Douglas J. Balfour, argued, Quane Smith, Howard and Hull, Pocatello, for defendant-respondent.

1990 OPINION NO. 132, FILED SEPTEMBER 12, 1990, IS HEREBY WITHDRAWN AND THIS OPINION IS SUBSTITUTED THEREFOR.

McDEVITT, Justice.

This action involves a claim for damages against the State of Idaho, Department of Transportation ("State") for the injuries suffered by Alvin C. Wellard which ultimately led to his death. During the evening hours of June 29, 1985, Wellard stopped at a highway rest area on Interstate 15 between Idaho Falls and Blackfoot. Walking from the parking area to the rest rooms, Wellard fell and fractured his hip. The plaintiffs allege that Wellard's death later that year was attributable to complications from this broken hip.

Plaintiffs further allege that the Department of Transportation for the State of Idaho was negligent in the design, construction and maintenance of the rest area. Specifically, the plaintiffs allege that the State was negligent in:

(1) failing to provide adequate lighting to the rest area;

(2) failing to provide a marked and adequate walkway between the parking area and the rest rooms;

(3) failing to properly notify invitees of the hazards contained in the rest area; and

(4) locating the rest area in its present location.

The State brought a motion for summary judgment, arguing that the first, second

and fourth claims of negligence were barred by both the design immunity provided for in I.C. § 6–904(8) and the discretionary function immunity of I.C. § 6–904(1). In addition, the State argued that the third basis of claimed negligence, the failure to properly notify invitees of the hazards contained in the rest area, was subject to dismissal because Wellard was not an invitee.

The district court determined that all four elements of the plaintiffs' claims arose out of the design or plan for the rest area. The district court then interpreted I.C. § 6–904(8), as it existed in 1985, to provide immunity to the Transportation Department.

At the time of the accident which is the basis of this action, I.C. § 6–904(8) read as follows:

> **Exceptions to governmental liability.** —A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which:
>
> . . . .
>
> 8. Arises out of a plan or design for construction or improvement to the highways, roads, streets, bridges, or other public property where such plan or design is prepared in substantial conformance with engineering or design standards in effect at the time of preparation of the plan or design, approved in advance of the construction or approved by the legislative body of the governmental entity or by some other body or administrative agency, exercising discretion by authority to give such approval.[1]

I.C. § 6–904(8).

## INTERPRETATION OF I.C. § 6–904(8)

■ At the time it drafted the Memorandum Decision and Order granting summary judgment in May of 1988, the district court did not have the benefit of this Court's interpretation of I.C. § 6–904(8), as set forth in *Bingham v. Idaho Dept. of Transportation*, 117 Idaho 147, 786 P.2d 538 (1989).

In reaching its decision in this action, the district court read the phrase "where such plan or design is prepared in substantial conformance with engineering or design standards in effect at the time of preparation of the plan or design, approved in advance of the construction or approved by the legislative body of the government entity" to mean that if the plan or design was approved in advance of construction, *or* if the plan or design substantially complied with engineering or design standards so approved, the State was immune. This Court in *Bingham* held that the phrase above-quoted did not provide an "either-or" test, but rather provided a dual requirement of plan or design prepared in substantial conformance with engineering or design standards and approved in advance of construction. *Bingham v. Idaho Dept. of Transportation*, 117 Idaho at 150, 786 P.2d at 541.

The legislature subsequently amended this section, inserting the word "or" in 1988. Therefore, under the authority of *Bingham*, the design or plan had to be in substantial conformance with then existing engineering standards and the plan or design must also have been approved in advance of the construction. The district court's interpretation of this section was in error. On remand, the district court must determine whether the plan or design of the rest area substantially conformed to engineering or design standards in effect at the time of the preparation of the plan. However, the only aspect of the rest area involved in the district court's determination on remand are the walkways.

---

1. By an Act of April 4, 1988, ch. 324, 1988 Idaho Sess. Laws 983, amendments were made to this subsection, which now reads as follows:

    7. Arises out of a plan or design for construction or improvement to the highways, roads, streets, bridges, or other public property where such plan or design is prepared in substantial conformance with engineering or design standards in effect at the time of preparation of the plan or design or approved in advance of the construction by the legislative body of the governmental entity or by some other body or administrative agency, exercising discretion by authority to give such approval.

APPLICABILITY OF I.C. § 6–904(1)

■ If there is no plan or engineering standards at issue, I.C. § 6–904(1) is implicated; that is, if the engineering standards are silent or inadequate as to the requirements for walkways to be installed in the rest area. That statute provides governmental immunity for acts within the scope of employment and done without malice or criminal intent, where a claim:

    1. Arises out of any act or omission of an employee of the governmental entity exercising ordinary care, in reliance upon or the execution or performance of a statutory or regulatory function, whether or not the statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

"Immunity from liability for planning or design decisions regarding highways, bridges, and other public property is furnished by the code provision just discussed, I.C. § 6–904(8). Immunity for discretionary decisions is supplied through I.C. § 6–904(1)." *Bingham v. Idaho Dept. of Transportation,* 117 Idaho at 150, 786 P.2d at 541.

The decision to comply or not to comply with engineering standards is not a discretionary act available to the state. Therefore, as to the walkways which the district court found were covered by engineering standards, the State is not provided immunity under I.C. § 6–904(1), but the district court must perform the analysis required under I.C. § 6–904(8).

The summary judgment on the immunity of the State from suit as to the walkways is vacated and the cause remanded to the district court for determination in accordance with this opinion.

Costs to appellant.

BAKES, C.J., JOHNSON and BOYLE, JJ., and GRANATA, J. Pro Tem, concur.