863 P.2d 349

Duane ESTERBROOK, individually and as Guardian and Conservator for Marian Esterbrook; Kevin Douglas Esterbrook; Jerilyn Lucille Esterbrook; Darrell Jason Esterbrook; Jennifer Eve Esterbrook and Nicole Almira Esterbrook, by and through their Guardian Ad Litem, Duane Esterbrook, Plaintiffs–Respondents,

v.

STATE of Idaho and the Idaho Transportation Department, Division of Highways, Defendants–Appellants.

No. 19110.

Supreme Court of Idaho,
Boise, December 1992 Term.

Oct. 5, 1993.

Rehearing Denied Nov. 5, 1993.

Quane, Smith, Howard & Hull, Boise, for defendants-appellants. John P. Howard, argued.

Hepworth, Nungester & Lezamiz, Twin Falls, for plaintiffs-respondents. John Hepworth, argued.

TROUT, Justice.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

This is a personal injury action brought by Marian Esterbrook through her husband, Duane Esterbrook (the Esterbrooks), against the Idaho Department of Transpor-

tation (the Department). The action arose out of an accident which occurred on October 8, 1985, at about 6:30 p.m. on Highway 46, four miles north of Gooding, Idaho. On this date, Marian Esterbrook was a passenger in a northbound car driven by Jerry Howard. Howard attempted to make a left turn into the Esterbrooks' south driveway when his car was struck by a southbound pickup driven by Jeffrey Ellington. Howard was killed in this accident and Marian Esterbrook was seriously injured.

Highway 46 is a two-lane road which runs north and south. At the time of the accident, there was a hill or "vertical curve" in the roadway several hundred feet north of the Esterbrooks' southern driveway. The speed limit was fifty-five miles per hour and there were no warning signs to mark the vertical curve or the driveway entrance. Highway 46 was originally designed and constructed in 1933. The shoulders were paved in 1962 and other work was done on the highway in 1979. The Esterbrooks' south driveway was constructed prior to 1933 and a north driveway, which enters the highway at the crest of the vertical curve, was constructed in 1975.

After the accident, the Esterbrooks sued Howard and settled for $25,000.00 in a release agreement with Howard's estate and State Farm Insurance Company. The agreement released Howard, his family, State Farm, and "all other persons or corporations" who may be liable.

On October 2, 1987, the Esterbrooks sued the Department alleging negligent highway construction and failure to warn of a dangerous condition. The Department moved for summary judgment claiming immunity under the design function and discretionary immunity provisions of I.C. § 6–904. The trial court denied this motion stating that these were questions of fact for a jury to decide. The Department also argued that it had been released by the agreement between the Esterbrooks and State Farm. The trial court held that under the plain language of the agreement, the Department was not released.

During the trial, the Esterbrooks presented four theories of liability; alleging that the Department was negligent in its original design of the road, in the improvements made to the road in 1962 and 1979, in not posting signs and in not closing the Esterbrooks' southern driveway.

The trial court instructed the jury that if the Department conformed to the design standards at the time of the construction of the highway, the Department would be immune from liability as to the vertical curve and construction of the highway. The court further instructed the jury that under discretionary immunity, the Department could not be held liable for any decision arising out of the performance of a discretionary function. However, the court also informed the jury that the Department could be liable for failure to exercise ordinary care in performing non-discretionary functions. The court specifically stated that the Department would not be immune for decisions involving posting warning and speed limit signs, and failure to close the driveway.

In the special verdict, the jury found that the highway was in a dangerous condition of which the Department had notice and that the Department failed to exercise ordinary care to protect against the condition. The jury also found that the Department "contributed" twenty-five percent to the cause of the accident and that Marian Esterbrook suffered total damages in the amount of $4,850,000.00.

In special interrogatories requested by the Department, the jury found that Highway 46 was built and designed in conformance with 1933 standards for design, that work done on Highway 46 in 1962 and 1979 was maintenance rather than improvement, and that the Department's decisions with respect to Highway 46 were based on a discretionary function.

Both parties concluded that the jury's findings were unambiguously in their favor and submitted proposed orders of judgment. The court entered an order in favor of the Esterbrooks and assessed liability to the Department in the amount of twenty-five percent of the total damages, for a

total of $1,212,500.00. The court then reduced the amount of the judgment to $500,000.00 pursuant to the limitations imposed by the Idaho Tort Claims Act. The Department has now appealed several of the trial court's rulings to this Court.

## II.

### VIOLATION OF DISCRETIONARY PROVISIONS OF THE MANUAL ON UNIFORM TRAFFIC CONTROL DEVICES IS NOT NEGLIGENCE AS A MATTER OF LAW

The Department argues that the jury was incorrectly instructed on the theory of negligence per se and that these .instructions unfairly prejudiced the jury's deliberations. We agree that the instructions were not correct and for that reason the case must be remanded to the trial court for a new trial.

■ In previous cases we have stated that the Manual on Uniform Traffic Control Devices (MUTCD) has the force of law. *Bingham v. Idaho Dep't of Trans.*, 117 Idaho 147, 151, 786 P.2d 538, 542 (1989), *citing Jorstad v. City of Lewiston*, 93 Idaho 122, 129–130, 456 P.2d 766, 773–774 (1969). We have also stated that violation of this Manual is per se negligence. *Curtis v. Canyon Highway Dist. No. 4*, 122 Idaho 73, 83–84, 831 P.2d 541, 551–552 (1992); *Bingham*, 117 Idaho at 151, 786 P.2d at 542. However, in both *Bingham* and *Curtis*, the Court was considering mandatory provisions of the MUTCD. In these decisions, we did not intend to imply that all provisions in the MUTCD were mandatory, or that the Department did not have discretion to implement the optional provisions in the Manual. In order to constitute negligence as a matter of law, a statute or regulation must clearly define the required standard of conduct. *See Sanchez v. Galey*, 112 Idaho 609, 617, 733 P.2d 1234, 1242 (1986).

In the present case, the trial court instructed the jury that violations of certain traffic manual provisions, some of which were not mandatory, were negligence as a

matter of law. Instruction 15 provides as follows:

Evidence has been introduced concerning the adoption of various manuals by the Department of Transportation. You are instructed that these manuals, and the provisions contained within them, have the force and effect of law. The failure of the Department of Transportation to comply with the requirements imposed by these manuals is negligence as a matter of law. You must then consider whether such negligence was a proximate cause of the plaintiff's injuries and damages.

In Instruction 17B, the trial court quoted the Right-of-Way Use Policy Manual stating that:

[f]ailure to comply with [sight distance] requirements and/or recommendations *may* be sufficient cause for the Department to deny an approach application, prohibit specific approach usage, or remove an existing approach.

(Emphasis added). The court then instructed the jury that "[a] violation of this provision by the Department is negligence as a matter of law."

The Policy Manual specifically states that failure to comply with sight distance requirements *may* be cause for the Department to remove an approach. The word "may" clearly indicates that the Department had discretion in implementing this provision. Since the Department was not required to remove the approach, the trial court erred by stating that a violation of this provision was negligence as a matter of law.

In Instruction 18, the trial court quoted a MUTCD provision stating:

The LIMITED SIGHT DISTANCE sign, is designed for use on vertical curves which do not have adequate safe stopping sight distance available. This type of signing is not to be a substitute for sound engineering judgment (based on safety considerations or known problem locations) that would warrant improving the sight distance by an engineering solution.

The trial court instructed the jury that "[a] violation of this manual or its provisions by the Department constituted negligence as a matter of law."

The MUTCD does not state whether placement of the limited sight distance sign is required or optional. However, at trial, the Esterbrooks' own traffic safety expert testified that the Department had been "authorized" to use the limited sight distance sign but it was "never required to use it." Since the Department was not required to post the limited sight distance sign, the trial court erred in instructing the jury that a violation of the sight distance provision was negligence as a matter of law. Accordingly, Instructions 16, 17B and 18 were incorrect and prejudicial because they implied that optional provisions in the traffic manuals were mandatory and that a violation of those provisions was negligence as a matter of law.

We have examined Instruction 16 as well to determine what ameliorative effect it may have had on the previously quoted instructions. It provides:

> Where a standard imposed by a manual adopted by the State of Idaho is mandatory, it is negligence per se not to follow the standard. However, where a standard imposed by a manual is not mandatory and gives the Department of Transportation discretion, then the discretion must be exercised with ordinary care as defined earlier in these instructions.
>
> In either case, if you determine that there was negligence by the defendants, you must then determine if the negligence was a proximate cause of injury to the plaintiff.

While we assume that the jury read and considered the instructions as a whole, we cannot say that they were clearly and correctly instructed on the legal effect of violating a discretionary, as opposed to a mandatory, provision of the MUTCD. Because plaintiff's case in large part was based upon the allegations of the Department's negligence, it was critical that the jury understood the plaintiff's burden of proof on the elements of negligence. Hence, prejudicial error resulted from the jury's receipt of these largely incorrect instructions on negligence per se. For that reason the verdict is set aside and the cause is remanded for a new trial.

Although we are reversing and remanding in order to provide further guidance to the trial court on retrial, we discuss certain of the other issues mentioned by the Department.

### III.

### WHETHER THE DEPARTMENT WAS RELEASED BY THE AGREEMENT BETWEEN THE ESTERBROOKS AND HOWARD IS A QUESTION OF FACT

The Esterbrooks entered into a release agreement with Howard's estate and State Farm Insurance Company which states that Marian and Duane Esterbrook release Jerry and LaVerne Howard, State Farm and "their agents, employees, heirs, representatives and all other persons or corporations who are liable, or might claim to be liable from all claims, damages or actions ..." which arise out of the accident on Highway 46. Although the release does not mention the state or any other government entities, the Department argues that it was included in the broad language of the release and thus Esterbrooks were precluded from bringing suit against it.

■ A release of one tortfeasor does not discharge other tortfeasors from liability unless the agreement contains specific language to that effect. *Tucker v. Palmer*, 112 Idaho 648, 651, 735 P.2d 959, 962 (1987), *citing Holve v. Draper*, 95 Idaho 193, 505 P.2d 1265 (1973); *see also* I.C. § 6–805 (although amended in 1991, the relevant language is unchanged). Under this rule, it is clear that a party is not released unless that party is specified in the language of the agreement.

In the present case, the Department contends that by using the term "persons" in the agreement the parties intended to release the government. The Department supports this contention by interpreting "persons" through reference to I.C. § 6–

903(a). Thus the Department argues that since it steps into the shoes of a private person for purposes of liability; it should also be viewed as a private person for purposes of release from liability.

■ *Tucker* and *Holve* stand for the proposition that a release must contain language which expressly or impliedly releases a joint tortfeasor, indicating that the parties to the agreement intend to release the tortfeasor. Considering the "specificity" requirement in *Tucker, Holve* and section 6–805, we cannot say as a matter of law that the parties had in mind section 6–903(a) when executing the release and intended thereby to bring the Department into the terms of the release. However, the phrase "all other persons" is sufficiently ambiguous to raise a question of fact as to the intent of the parties. For this reason, we find that the trial court erred in ruling as a matter of law that the Department was not released by the agreement between the Esterbrooks and Howard. On remand, the intent of the parties should be considered in determining whether the Department has been released from liability.

## IV.

### THE ISSUE OF NEGLIGENT PERMITTING OF DRIVEWAYS IS NOT BARRED BY THE STATUTE OF LIMITATIONS

The Department argues that the jury should not have been instructed on nor allowed to consider whether it was negligent in allowing the southern driveway to remain in place. It is the Department's contention that under I.C. § 5–241, the Esterbrooks' cause of action accrued six years after construction of the second (northern) driveway in 1975. Thus the Department argues that the two-year statute of limitations in I.C. § 6–911 began to run in 1981, well before the accident ever occurred.

Section 5–241 applies to persons who have "performed or furnished the design, planning, supervision or construction of an improvement to real property...." The Department contends that this statute applies in this case because the provisions of

the Right-of-Way Use Policy Manual gave it a supervisory role in the construction of the northern driveway. We disagree.

■ The Policy Manual imposes on the Department a duty of ordinary care to protect against a dangerous condition. Specifically, the Department has a duty of ordinary care to ensure that the approaches to the highway do not create a hazard to the free flow of traffic. This duty is similar to the duty of ordinary care to post warning signs; it is not related to construction or supervision of improvements.

■ In this case, the Esterbrooks alleged that the southern driveway was a dangerous approach that the Department should have removed. The Esterbrooks do not allege that the northern driveway was unsafe or that the Department was liable for any actions with respect to this construction. The Department does not argue that there was any construction or improvement to the southern driveway. Accordingly, the provisions of I.C. § 5–241 do not apply because the Department's liability is not related to the negligent construction or supervision of an improvement. The Department had a duty of ordinary care to protect against the danger created by the location of the southern driveway. The possible supervisory role the Department might have played in the construction of the northern driveway did not trigger the provisions in section 5–241 for actions with respect to the southern driveway. For the above reasons, the statute of repose in I.C. § 5–241 does not apply in this case.

Under I.C. § 6–911, claims against governmental entities are barred unless the "action is begun within two (2) years after the date the claim arose or reasonably should have been discovered, whichever is later." In the present case, the claim arose on October 8, 1985, when Marian Esterbrook was injured in the car accident on Highway 46. Before this time, the Esterbrooks had not sustained any damage as a result of the condition of Highway 46 and were not in a position to sue. The Esterbrooks filed suit on October 2, 1987, within

two years of the accident. The claim was thus made within the two-year statute of limitations of section 6–911. We therefore affirm the trial court relative to that issue, and find that the cause of action with respect to negligent permitting of driveways is not barred.

## V.

### CONCLUSION

We reverse the jury verdict in favor of the Esterbrooks and remand this case for a new trial. No attorney fees or costs on appeal.

BISTLINE and JOHNSON, JJ. and BAKES, J. Pro Tem. (following retirement on February 1, 1993), and REINHARDT, District Judge Pro Tem., concur.