# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40057

| | | |
|---|---|---|
| ANTHONY E. GRABICKI, United States Bankruptcy Trustee, for and on behalf of TIMOTHY K. THOMPSON and JANET M. THOMPSON, husband and wife, | ) ) ) ) | Coeur d'Alene, April 2013 Term |
| | ) | |
| Plaintiffs, | ) | 2013 Opinion No. 60 |
| | ) | |
| and | ) | Filed: May 23, 2013 |
| | ) | |
| C. BARRY ZIMMERMAN, United States Bankruptcy Trustee, for and on behalf of THOMPSON'S AUTO SALES, INC., an Idaho corporation, | ) ) ) ) | Stephen Kenyon, Clerk |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF LEWISTON, a political subdivision of the State of Idaho, | ) ) | |
| | ) | |
| Defendant-Respondent. | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

The district court's judgment dismissing Zimmerman's claims is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.

Creason, Moore, Dokken & Geidl, PLLC, Lewiston, for appellant. Samuel T. Creason argued.

Anderson, Julian & Hull LLP, Boise, for respondent. Chris H. Hansen argued.

_____

HORTON, Justice.

This appeal arises from an action filed against the City of Lewiston (the City) by Tim Thompson, Janet Thompson, and Thompson's Auto Sales (collectively, Thompson). Thompson

filed a claim under the Idaho Tort Claims Act (ITCA), alleging the City negligently designed and installed a storm water drain system on a city street adjacent to Thompson's property, which caused storm water runoff to flow onto Thompson's property and damage it. After suit was filed, Thompson entered bankruptcy proceedings and the bankruptcy trustee, C. Barry Zimmerman, was substituted as Plaintiff in the action. The City moved for summary judgment on the grounds of discretionary immunity and design immunity. The district court denied the motion as to design immunity, but granted the motion on the ground of discretionary immunity. Zimmerman appealed, arguing that the discretionary immunity exception to liability under the ITCA does not grant immunity from liability for damage caused by negligent design and, alternatively, that even if discretionary immunity is considered, it is inapplicable in this case because the City's actions were not discretionary within the meaning of the exception. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs in the underlying action in this case were Tim and Janet Thompson and Thompson's Auto Sales, Inc., the automobile sales business they owned together. The business was located at 306 21st Street in Lewiston, Idaho. In January 2007, the Thompsons brought an action for negligence against the City of Lewiston under the Idaho Tort Claims Act. However, during the course of those proceedings, the Thompsons and Thompson's Auto Sales, Inc. entered bankruptcy and United States Bankruptcy Trustee C. Barry Zimmerman was substituted as plaintiff and is therefore the appellant.

In May 2003, the City of Lewiston changed its storm water drain system at the intersection of 21st Street and Idaho Street from a "valley" gutter system to a "bubble-up" system. Zimmerman alleges that in 2006, the new system failed to contain storm-water flowing down 21st Street and that the resulting flood across the Thompson property damaged the property and rendered a large portion of it unusable. Zimmerman further alleges that the City negligently designed the new storm-water drain system and that the City's negligence was the cause of its damages.

The design and plans for the new storm-water drain system were prepared by John Watson, the assistant city engineer, as part of the 2003 Summer Street Maintenance Project. According to Watson, the decision to change the storm-water drain system was taken in response to safety concerns with the valley gutter system. Watson's design consisted of a schematic of the intersection and a detail page. Neither party presented any evidence related to the specific

2

engineering standards or requirements that the project was required to follow. However, Zimmerman offered expert opinion evidence that the plan and design failed to meet any standard.

The City moved for summary judgment on the grounds it was immune from liability under the ITCA, citing Idaho Code §§ 6-904(1) and (7), which provide exceptions to liability for exercising discretionary functions and for designs that conform to engineering standards or have prior approval. In support of its motion, the City presented affidavits from Lowell Cutshaw, the City Engineer, and Joel Ristau, the Public Works Director. The City contends these affidavits demonstrate that the design was properly approved before construction began. City Council Minutes from June 9, 2003, show that the City accepted a bid to complete the 2003 Summer Street Maintenance Project, which included the storm-drain replacement. In response, Zimmerman presented evidence that the former Mayor and two City Council members had no recollections of discussing that project. Zimmerman also submitted the affidavit of Janice Vassar, the City Manager, indicating that the City Engineer had authority to approve some projects independently, but substantial projects would have required approval from the City Council or City Manager.

After a hearing, the district court granted the City's motion in part and denied it in part, deciding that the City was immune from liability for damages resulting from negligent design, but that there remained questions of fact regarding negligent maintenance. The parties filed motions for reconsideration, which the district court denied. Because the plaintiff (at that time Thompson) conceded there was no evidence to support the negligent maintenance claim, the trial court dismissed the claim. However, the trial court permitted Thompson to amend its complaint to add several claims for equitable relief, and the litigation therefore continued. As a result of the bankruptcy proceedings, the Thompsons no longer have an interest in the property, and the trial court dismissed all remaining claims from the amended complaint. The remaining appellant is Zimmerman, the bankruptcy trustee for Thompson's Auto Sales, who timely appealed.

## II. STANDARD OF REVIEW

This Court exercises free review over appeals from a grant of summary judgment and the standard it applies is "the same as the standard used by the trial court in ruling on a motion for summary judgment." *Stonebrook Const., LLC v. Chase Home Fin., LLC*, 152 Idaho 927, 929, 277 P.3d 374, 376 (2012) (quoting *Curlee v. Kootenai Cnty. Fire & Rescue,* 148 Idaho 391, 394,

224 P.3d 458, 461 (2008)). Summary judgment is therefore proper if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). When applying this standard, this Court construes disputed facts, and all reasonable inferences that can be drawn from the record, in favor of the non-moving party. *Curlee,* 148 Idaho at 394, 224 P.3d at 461. Where "the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Lockheed Martin Corp. v. Idaho State Tax Comm'n*, 142 Idaho 790, 793, 134 P.3d 641, 644 (2006) (citing *Infanger v. City of Salmon,* 137 Idaho 45, 44 P.3d 1100 (2002)).

"It is axiomatic that upon a motion for summary judgment the non-moving party may not rely upon its pleadings, but must come forward with evidence by way of affidavit or otherwise which contradicts the evidence submitted by the moving party, and which establishes the existence of a material issue of disputed fact." *Jones v. HealthSouth Treasure Valley Hosp.*, 147 Idaho 109, 112, 206 P.3d 473, 476 (2009) (quoting *Zehm v. Associated Logging Contractors, Inc.,* 116 Idaho 349, 350, 775 P.2d 1191, 1192 (1988)). However, "a mere scintilla of evidence or only slight doubt as to the facts is insufficient to withstand summary judgment; there must be sufficient evidence upon which a jury could reasonably return a verdict resisting the motion." *Brown v. City of Pocatello,* 148 Idaho 802, 806, 229 P.3d 1164, 1168 (2010) (quoting *Harpole v. State,* 131 Idaho 437, 439, 958 P.2d 594, 596 (1998)). "[C]onclusory assertions unsupported by specific facts are insufficient to raise a genuine issue of material fact precluding summary judgment." *Mareci v. Coeur D'Alene Sch. Dist. No. 271,* 150 Idaho 740, 744, 250 P.3d 791, 795 (2011) (quoting *Goodman v. Lothrop,* 143 Idaho 622, 627, 151 P.3d 818, 823 (2007)).

### III. ANALYSIS

This Court uses a two-step analysis for reviewing a motion for summary judgment based upon an immunity defense under the ITCA. First, the Court "determine[s] whether the plaintiffs' allegations and supporting record generally state a cause of action for which 'a private person or entity would be liable for money damages under the laws of the state of Idaho.'" *Czaplicki v. Gooding Joint Sch. Dist. No. 231*, 116 Idaho 326, 330, 775 P.2d 640, 644 (1989) (quoting *Walker v. Shoshone Cnty.,* 112 Idaho 991, 995, 739 P.2d 290, 294 (1987)). "This is essentially a determination of whether there is such a tort under Idaho Law." *Rees v. Dep't of Health & Welfare*, 143 Idaho 10, 14-15, 137 P.3d 397, 401-02 (2006) (citation omitted). The

4

second step is to "determine whether an exception to liability under the ITCA shields the alleged misconduct from liability." *Czaplicki*, 116 Idaho at 330, 775 P.2d at 644. Thus, the preliminary questions are whether Zimmerman has stated a cause of action in tort and whether an exception to the ITCA provides the City with immunity from any liability.

**A. Zimmerman has stated a cause of action for negligence.**

Zimmerman contends that the allegations and supporting record state a cause of action for negligence. Generally, to state a cause of action for negligence, a plaintiff must establish four elements: "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *Fragnella v. Petrovich*, 153 Idaho 266, ___, 281 P.3d 103, 109 (2012) (quoting *McDevitt v. Sportsman's Warehouse, Inc.,* 151 Idaho 280, 284, 255 P.3d 1166, 1170 (2011)). "Every person has a general duty to use due or ordinary care not to injure others, to avoid injury to others by any agency set in operation by him, and to do his work, render services or use his property as to avoid such injury." *Brian & Christie, Inc. v. Leishman Elec., Inc.*, 150 Idaho 22, 29, 244 P.3d 166, 173 (2010) (quoting *Whitt v. Jarnagin,* 91 Idaho 181, 188, 418 P.2d 278, 285 (1966)).

In this case, Zimmerman has presented evidence supporting the allegation that the City, through its employee, affirmatively acted by designing and constructing a storm water drain system at the intersection of Idaho Street and 21st Street, that the new system was negligently designed, and that the City's negligence was the proximate cause of the plaintiffs' damages. Thus, Zimmerman has stated a cause of action for negligence.

**B. The City is not entitled to immunity from liability under any exception to the ITCA.**

The next inquiry is whether the defendant is immune from liability under an exception to the ITCA. The statute provides that, "[e]xcept as otherwise provided in this act, every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees acting within the course and scope of their employment or duties . . . ." I.C. § 6-903(1). The ITCA also provides that there is no liability for any claim which:

> 1. Arises out of any act or omission of an employee of the governmental entity exercising ordinary care, in reliance upon or the execution or performance of a statutory or regulatory function, whether or not the statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a

5

discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

. . .

[or]

7. Arises out of a plan or design for construction or improvement to the highways, roads, streets, bridges, or other public property where such plan or design is prepared in substantial conformance with engineering or design standards in effect at the time of preparation of the plan or design or approved in advance of the construction by the legislative body of the governmental entity or by some other body or administrative agency, exercising discretion by authority to give such approval.

I.C. § 6-904(1), (7). These exceptions are referred to as the "discretionary function exception" and the "design exception," respectively.

This Court has explained that the ITCA was enacted "to provide 'much needed relief to those suffering injury from the negligence of government employees.'" *Rees*, 143 Idaho at 19, 137 P.3d at 406 (quoting *Sterling v. Bloom,* 111 Idaho 211, 214, 723 P.2d 755, 758 (1986)). To accomplish that purpose, the ITCA "is to be construed liberally" and "liability is the rule and immunity is the exception." *Sterling*, 111 Idaho at 214–15, 723 P.2d at 758–59. Further, we have held that the expressly stated exceptions "must be closely construed." *Jones v. City of St. Maries*, 111 Idaho 733, 734, 727 P.2d 1161, 1162 (1986) (quoting *Sterling*, 111 Idaho at 215, 723 P.2d at 759). Thus, we construe the statute to favor liability and to limit exceptions.

In this case, the City claimed immunity from liability under both the discretionary function exception and the design exception. The district court granted the City's motion for summary judgment based upon immunity under the discretionary function exception to the ITCA, but denied the motion as to design immunity because it found the City had failed to present sufficient evidence that it qualified for immunity under that exception. Generally, this Court will not review a district court's denial of a motion for summary judgment because "[a]n order denying summary judgment is neither a final order that can be directly appealed, nor is it an order that can be reviewed on an appeal from a final judgment in the action." *Bach v. Bagley*, 148 Idaho 784, 795, 229 P.3d 1146, 1157 (2010) (quoting *Courtney v. Big O Tires, Inc.,* 139 Idaho 821, 823, 87 P.3d 930, 932 (2003)). However, "it is well-settled that '[w]here an order of a lower court is correct, but based on an erroneous theory, the order will be affirmed upon the correct theory.'" *Kuhn v. Coldwell Banker Landmark, Inc.*, 150 Idaho 240, 248, 245 P.3d 992,

6

1000 (2010) (quoting *Andre v. Morrow,* 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984)); *Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 397, 224 P.3d 458, 464 (2008) (considering, for first time on appeal, defendant's alternate theory in support of summary judgment). Consequently, even if this Court determines that the district court erred in granting summary judgment based upon the discretionary function exception, we could affirm the judgment based upon the design exception. We will therefore consider both exceptions when determining whether the City is immune from liability.

### 1. *The discretionary function exception does not apply.*

Zimmerman argues that the City is not entitled to immunity under the discretionary function exception because that exception does not apply where the ITCA claim is based upon damage resulting from a negligent design. The City contends it qualifies for immunity from liability under the discretionary function exception to the ITCA because the decision to change the storm water drain system was discretionary. The discretionary function exception does not provide the City with immunity from liability for negligent design of a storm-water drain system because that exception does not apply to claims of negligent design.

This Court has explained that "the plan or design of a highway is not immune from liability under [the discretionary function exception]." *Lawton v. City of Pocatello*, 126 Idaho 454, 460, 886 P.2d 330, 336 (1994) (quoting *Bingham v. Idaho Dep't of Transp.*, 117 Idaho 147, 149, 786 P.2d 538, 540 (1989)). Rather, that exception may provide a governmental entity with immunity from liability "for having exercised its discretion by deciding (or not deciding) to make a plan or design for [the highway in question] in the first place. However, once [that entity] has made the decision to plan and design the highway, it must comply with [I.C. § 6-904(7)] to be immune from any suit arising out of that plan or design." *Bingham*, 117 Idaho at 149-50, 786 P.2d at 540-41, *rev'd on other grounds by Lawton*, 126 Idaho 454, 886 P.2d 330 (1994). The *Bingham* Court explained the reasoning for the distinction between these exceptions. In that case, the district court determined that the discretionary function exception protected the defendant from liability for "any claim which arose out of the plan or design of the highway . . . ." *Bingham*, 117 Idaho at 149, 786 P.2d at 540. This Court reasoned that the discretionary function exception "must be read and interpreted in conjunction with [the design exception]," and that granting immunity from claims of negligent design under subsection (1) would not be proper

7

because doing so would make subsection (2) redundant. *Id.* (citing *Sterling,* 111 Idaho at 222, 723 P.2d at 766).

In *Lawton*, there was a question regarding whether the defendant city had actually created a plan for improving the highway that was the subject of the ITCA action. *Lawton*, 126 Idaho at 459, 886 P.2d at 335. After determining that the existence of a plan was a factual question for the jury, the Court held that "if the jury concludes that the [defendant] formulated a plan for improvements to the area in question," then any immunity would have to be analyzed under the requirements of the design exception. *Id.* at 460, 886 P.2d at 336. However, "if the jury concludes that no plan or design existed, it would be required to determine whether the [defendant] is entitled to immunity under I.C. § 6-904(1)." *Id.* Thus, while the discretionary function exception may protect a defendant's policy choices in deciding whether to undertake a road or highway project, once the defendant creates a plan or design, that exception does not provide immunity from a claim of negligent design in implementing its decision.

In this case, the question is not whether the City was negligent in deciding to replace the storm-water drain system at the intersection of Idaho Street and 21st Street, but whether the City negligently planned or designed the replacement system. There is no dispute regarding the existence of a plan.[1] In fact, in its memorandum in support of its motion for summary judgment, the City contends that the plan prepared by the assistant city engineer, John Watson, is sufficient to qualify the city for design immunity under Idaho Code § 6-904(7). Additionally, the City's evidence supporting its motion for summary judgment included Watson's affidavit, in which Watson concedes that he designed a plan for the storm-water drain replacement project and which includes copies of the stamped drawings of the project. Thus, because a plan or design for the gutter replacement project exists, and the damages in this matter arise from a claim of negligent design, the discretionary function exception does not apply.

### 2. The design exception does not provide an alternate ground for summary judgment.

The City is not entitled to summary judgment on the ground of immunity under the design exception because genuine issues of material fact exist regarding whether the City's plan conformed to the proper engineering standards or was approved in advance by the proper

---

[1] At one point, the City does claim that the discretionary function exception applies by suggesting that testimony by Zimmerman's expert that the City's "project contract plans" were so deficient they failed to qualify as "engineering design plans," amounted to an admission that no plan or design exists. However, this claim is without merit as it is merely an attempt to characterize the expert's criticism of the design as an assertion that no plan or design exists.

8

authority.[2] "[A] governmental entity is entitled to immunity under I.C. § 6-904(7) where it establishes two elements: "(1) the existence of a plan or design that was (2) *either* prepared in substantial conformance with existing engineering or design standards *or* approved in advance of construction by the legislative or administrative authority." *Brown v. City of Pocatello*, 148 Idaho 802, 811, 229 P.3d 1164, 1173 (2010) (quoting *Lawton*, 126 Idaho at 459, 886 P.2d at 335 (emphasis in original)).

As we explained, there is no dispute in this case regarding the existence of a plan to replace the valley gutter system across Idaho Street with a bubble-up system. Thus, the question is whether the City has established that there is no genuine issue of material fact regarding whether the design was "prepared in substantial conformance with engineering or design standards in effect at the time of preparation of the plan or design or approved in advance of construction" by the appropriate entity, as required under Idaho Code § 6-904(7).

The City concedes that neither it nor Zimmerman identified any relevant engineering or design standard that existed in 2003. The City cannot meet its burden to establish that there is no genuine issue of material fact regarding whether its plan conformed to a standard that has not been identified. Further, even if standards existed, Zimmerman provided evidence that the plan and design would be inadequate under any standard.[3] Thus, Zimmerman has shown the existence of a genuine issue of material fact regarding whether the plan conformed to an appropriate engineering standard. Consequently, the City is not entitled to summary judgment based upon the first prong of Idaho Code § 6-904(7).

The other means of establishing immunity under the design exception is to show that the plan was given approval, prior to construction, "by the legislative body of the governmental entity or by some other body or administrative agency, exercising discretion by authority to give such approval." I.C. § 6-904(7). The text of this provision indicates that if an entity other than the appropriate legislative body grants the advance approval, there must be evidence of that

---

[2] Zimmerman contends that this Court should not consider whether the City's plan conformed to existing engineering standards because that argument is raised for the first time on appeal. However, this Court is not entertaining the applicability of the design exception as an additional issue on appeal. Rather, because we may affirm the district court's grant of summary judgment on alternate grounds, we are applying the standard of review for summary judgment and determining whether the City is entitled to judgment as a matter of law under the alternative ground of the design exception.

[3] This evidence includes two unsworn statements made by Zimmerman's engineering expert prior to the date of his sworn affidavit. However, the expert implicitly vouched for the truth of the prior statements by attaching them to his sworn affidavit as follows: "These unsworn statements are attached and incorporated as a part of this affidavit."

9

body's authority to grant the approval. *See Morgan v. Idaho Dep't of Pub. Works*, 124 Idaho 658, 664, 862 P.2d 1080, 1086 (1993) (holding that no instruction on design immunity required where appellant did not show that approving entity had authority to give approval). Thus, to demonstrate it is entitled to immunity under the design exception the City must show either that its legislative body (the City Council) approved Watson's plan in advance of construction or that advance approval was granted by another entity with authority to do so.

In this case, the City offered evidence that the plan was approved by the City Engineer and the Director of Public Works. In his affidavit, City Engineer Lowell Cutshaw asserted that he had the authority to approve the plan and that he did so. The Public Works Director, Joel Ristau, stated that he was "aware of" the plan, that he "agreed with" the plan, and that the City Engineer had been "authorized to prepare plans" for the storm-water system. However, Janice Vassar, the City Manager at the relevant time, stated in her affidavit that the City Engineer "would have had authority" to approve some projects independent of the City Manager or City Council, but she expressly states that she "can express no opinion" regarding whether the storm-water drain system replacement was the kind of project that could have been approved independently. This demonstrates the existence of a genuine issue of material fact regarding whether the City Engineer or Director of Public Works were authorized to approve the project and we therefore hold that summary judgment could not be properly granted based upon their approval.

The City also offered City Council Minutes from June 9, 2003, showing it accepted a bid to complete the 2003 Summer Street Maintenance Project, which included the storm-drain replacement. First, Zimmerman presented evidence that the former Mayor and two City Council members had no recollections of discussing that project. Further, the City's evidence merely shows that the City Council approved a bid for the proposed work; it does not demonstrate that it approved the design plan for the storm-water drain replacement. The ITCA provides that a governmental entity is not liable for claims arising out of "a plan or design for construction or improvement to the highways, roads, streets, bridges, or other public property where *such plan or design* is . . . approved in advance of the construction by the legislative body of the governmental entity . . . ." I.C. § 6-904(7) (emphasis added). Under the plain language of the statute, the approval required to trigger the protection of the ITCA's design exception provision is more than blanket approval to proceed with a project. Rather, it plainly requires meaningful

10

review of the actual plan or design. Further, the plan or design must be sufficiently detailed that by using it, one could accomplish the intended construction or improvement. Absent a record demonstrating that the City Council was aware of and considered the details of the gutter replacement project, meeting minutes showing an oral approval for funding several projects are insufficient. Thus, a genuine issue of material fact exists regarding whether the City Council approved the project within the meaning of Idaho Code § 6-904(7).

Because genuine issues of material fact exist regarding whether the City's plan conformed to existing engineering standards or was approved in advance by the proper authority, the City is not entitled to summary judgment under the design exception.

## IV. CONCLUSION

We vacate the district court's judgment dismissing Zimmerman's claims and remand the matter to the district court for further proceedings consistent with this opinion. Costs to Zimmerman.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.