950 P.2d 709

**Mildred STOTT By and Through her legal guardian, Joyce DOUGALL, Plaintiff–Appellant,**

v.

**Paul FINNEY and Sue Finney, husband and wife, Defendants–Respondents.**

No. 23451.

Supreme Court of Idaho,
Coeur d'Alene, October 1997 Term.

Dec. 22, 1997.

Watson Law Offices, Coeur d'Alene, for appellant. Roland D. Watson argued.

Huppin, Ewing, Anderson & Paul, P.S., Coeur d'Alene, for respondents. Irving "Buddy" Paul argued.

WALTERS, Justice.

This is an appeal in an action for the recovery of damages to real property. The plaintiff, Mildred Stott, alleged that her property was flooded as a result of the failure of a dam constructed by her neighbors, Paul and Sue Finney, on their land which was upstream from Stott's property. A jury rendered its verdict for the Finneys. Stott moved for a judgment notwithstanding the verdict or for a new trial. The district court denied Stott's motions, and Stott has appealed. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Mildred Stott owns real property which includes a seasonal tributary of Carlin Creek in Kootenai County. The Finneys own property above and upstream from Stott's land. During the fall of 1992, the Finneys constructed an earthen dam on their property to store water for local wildlife habitat and for firefighting purposes. On March 24, 1993, the earthen dam failed. Stott claimed that the dam's failure increased the normal peak stream flow that ran through the drainage, causing Stott's property to flood when an earth slide blocked off Carlin Creek.

On May 5, 1994, Stott, by and through her legal guardian, Joyce Dougall, filed a complaint against the Finneys alleging that the Finneys' negligent construction of the earthen dam caused damage to Stott's property. The Finneys denied this allegation, taking the position that any damage Stott suffered was not the result of the failure of their dam, but was the result of the accumulation of debris on Stott's property caused by a logging road on her land that traversed the creek below Finneys' dam.

At the conclusion of a four-day jury trial in August 1996, the district court instructed the jury as to Stott's negligence claim, but refused to give the jury instructions regarding trespass, nuisance and negligence per se as theories for Stott's recovery of damages. Subsequently, the jury returned a verdict finding there was no negligence on the part of the Finneys that was a proximate cause of the occurrence. Stott filed a motion for judgment notwithstanding the verdict or for a new trial. The district court denied Stott's motions. Stott appealed.

## ISSUES ON APPEAL

Stott asserts that (1) the trial court erred in refusing to allow Stott's claims of trespass, nuisance, and negligence per se that existed with regard to the dam's failure; (2) the trial court erred in allowing testimony and photographs of other nonrelated washouts in North Idaho; (3) the trial court erred in refusing to admit in evidence Stott's Exhibit #26 which consisted of a letter from the Director of the Idaho Department of Fish and Game to the Director of the Idaho Department of Water Resources; and (4) the trial court erred in allowing hypothetical testimony from a witness who was asked if he would spend $70,000 of his own money to fix $7,000 worth of property.

## DISCUSSION

We first address Stott's assertion that the district court erred in failing to give proposed instructions concerning recovery of damages on the theories of trespass and nuisance. To establish error for failure to give an instruction pursuant to I.R.C.P. 51(a), it must be shown at a minimum that: the instruction was not argued against by the appellant; the instruction was a correct statement of Idaho law; and the failure to instruct was assigned as error on appeal. *Carpenter v. Double R Cattle Co., Inc.*, 108 Idaho 602, 606, 701 P.2d 222, 224 (1985).

Here, the district court viewed this action purely as a negligence case and concluded that trespass and nuisance grounds were not available to establish liability, under Idaho law. The district court was correct in this regard. In *Kunz v. Utah Power & Light Co.*, 117 Idaho 901, 792 P.2d 926 (1990), this Court held that non-negligence based theories of liability, such as strict liability, trespass, or private nuisance are not recognized when water is discharged from an artificial storage system into the natural channel. When a property owner alleges damage to streambeds due to discharge from an artificial body of water on adjacent property, the proper theory of recovery is negligence rather than nuisance, trespass, or strict liability. *Id.* at 903, 792 P.2d at 928. Because of the importance to Idaho's agricultural economy, operators of irrigation ditches and canals have long been held liable only for their actions that are negligent. *Id.* at 904, 906, 792 P.2d at 929, 931; *see e.g., Stephenson v. Pioneer Irrigation Dist.*, 49 Idaho 189, 194, 288 P. 421, 422 (1930); *Burt v. Farmers' Cooperative Irrigation Co.*, 30 Idaho 752, 767, 168 P. 1078, 1082 (1917). In *Kunz*, the Court extended this principle to reservoir and dam operators because they, like the operators of irrigation canals, are an integral part of the

artificial water storage and delivery systems essential to Idaho's economic well-being. *Kunz*, 117 Idaho at 904, 792 P.2d at 929. These artificial water storage systems serve other beneficial uses such as flood control, power generation, recreation, and providing beneficial environments for fish and wildlife. *Id.*

■ In the present case, we conclude the policy reasons for limiting liability of dam operators are implicated just as strongly with regard to the Finneys' construction of the earthen dam to provide wildlife habitat and a source of water for firefighting purposes. It has been the policy of this State to secure the maximum use and benefit of its water resources. *Id.* The artificial storage of water for such beneficial uses is consistent with the reasoning in *Kunz;* the Finneys can only be liable for a loss caused by their negligence in constructing and operating the artificial water storage system. Inasmuch as negligence was the only available cause of action in this case, the district court did not err in rejecting Stott's argument that she should be allowed to recover on theories of trespass or nuisance.

We turn next to Stott's contention that the jury should have been instructed regarding the doctrine of negligence per se. During the trial, Stott asserted that the Finneys had failed to file an application with the Department of Water Resources pursuant to I.C. § 42–1204 and I.C. § 42–1710 before building the dam and impounding water. Stott argues that if the Finneys had filed an application, the dam would have been inspected, and any negligent construction could have been corrected and the damages mitigated.

■ The principles relating to the doctrine of negligence per se or negligence as a matter of law, predicated upon the violation of a statute or regulation, are well settled. First, the statute or regulation must clearly define the required standard of conduct; second, the statute or regulation must have been intended to prevent the type of harm the defendant's act or omission caused; third, the plaintiff must be a member of the class of persons the statute or regulations was designed to protect; and fourth, the violation must have been the proximate cause of the

injury. *Sanchez v. Galey,* 112 Idaho 609, 617, 733 P.2d 1234, 1242 (1987).

■ We conclude that Stott did not present to the district court a basis for a negligence per se instruction. Idaho Code § 42–1204 does not require a permit or application, but rather requires the owners or constructors of ditches, canals, works or other aqueducts to prevent damage to others. Therefore, I.C. § 42–1204 does not create a negligence per se action, but only codifies that ditch owners and constructors can be held liable for damages occurring to others as a result of negligence.

With respect to Finneys' noncompliance with the requirement for a permit to build the dam, the evidence showed that the Finneys' dam was not within the regulatory control of the Department of Water Resources. Idaho Code § 42–1710 grants jurisdiction over dams to the Department of Water Resources. Idaho Code § 42–1711(b) defines a dam as an artificial barrier constructed to store water and which is 10 feet or more in height from the natural bed of the watercourse at the downstream toe of the barrier or which has an impounding capacity at maximum storage elevation of 50 acre feet or more. This statute also provides that

> [t]he following are not included as regulated dams or are not considered dams for the purposes of section 42–1710 through 42–1721, Idaho Code:
>
> . . . .
>
> (2) Barriers constructed in low risk areas as determined by the director, which impound ten (10) acre-feet or less at maximum water storage elevation, regardless of height.

At the trial, David LePard of the Department of Water Resources testified that before the flood he had visited the Finneys' damsite in February, 1993, while there was three to four feet of snow on the ground. As to the dam's height, he testified that "I think I guessed at it being 15 feet high. Again, like I say, there was three or four foot of snow on top of the dam at that time, . . . ." He also testified, however, that the dam was

not subject to regulation by the Department because of the maximum storage area. He explained in response to questions by the Finneys' counsel:

Q: You eventually evaluated how much water this dam would hold and that type of thing?

A: Yes.

Q: Isn't it true that the state of Idaho has no right to regulate this dam at all because it's too small under your scheme of evaluation?

A: Due to the changes that I referred to earlier, the dam, due to its lack of hazard to downstream property and the fact that it stores less than ten acre feet, if I remember right, right, is not regulated by the department.

The district court held that because the dam was not subject to regulation by the Department, compliance with the Department's permit process was an irrelevant issue. It follows that failure of the Finneys to obtain a permit to store water behind the dam would not be the equivalent of negligence per se. The district court did not err in refusing to instruct the jury on a theory of negligence per se, as distinguished from simple or ordinary negligence.

We have also considered the other issues raised by Stott and the arguments presented by the parties on those issues. The issues are without merit.

## CONCLUSION

We hold that the jury was properly instructed as to Stott's only viable claim. We further uphold the district court's decision that because the permit process was not relevant in this case there was no basis for assertion of negligence per se in the Finneys' failure to comply with that process. Finally, we have considered the other issues raised by Stott and find them to be without merit.

The district court's judgment and the order denying Stott's post-trial motions for relief are affirmed. Costs to respondents, the Finneys; no attorney fees are awarded.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.