34 P.3d 1076

Ron AHLES and Marilyn Ahles, husband and wife, Plaintiffs–Appellants,

v.

Jodie R. TABOR and Jane Doe Tabor, husband and wife; Gerald Anderson and Deone Anderson, husband and wife, d/b/a Jerry's Body Shop and Sunset Towing, Taxi and Motors, Defendants–Respondents.

Gerald Anderson and Deone Anderson, husband and wife, d/b/a Jerry's Body Shop and Sunset Towing, Taxi and Motors, Counterclaimants,

v.

Ron Ahles and Marilyn Ahles, husband and wife, Counter defendants.

No. 26136.

Supreme Court of Idaho, Coeur d'Alene, April 2001 Term.

Oct. 24, 2001.

394

Ramsden & Lyons, Coeur d'Alene, for appellants. Michael E. Ramsden argued.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for respondents. Patrick E. Miller argued.

WALTERS, Justice.

This is an action to recover damages for personal injuries sustained in the collision of two motor vehicles. The vehicles were traveling in the same direction on a state highway, and the collision occurred when one vehicle attempted to pass the other on the right-hand side. The appeal is from the district court's determination that the plaintiff, Ron Ahles, was negligent *per se* based on a violation of I.C. § 49–633, which defines when passing on the right is permitted, and the district court's subsequent apportionment of fault that denied the plaintiffs any recovery of damages. We vacate the judgment and remand the case for further proceedings.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 1997, Ron Ahles was northbound on Highway 95 in a semi tractor-trailer. Ahles' vehicle was traveling behind a tow truck driven by Jodie Tabor and owned by the ·defendants Anderson, that was also northbound. Approaching the intersection of Parks Road and Highway 95 in Kootenai County, Idaho, the tow truck operator, Tabor, signaled his intent to make a left-hand turn and stopped to wait for the oncoming traffic. Ahles initially applied his brakes, and then determined that he could pass the tow truck on the right by proceeding forward in the fourteen-foot paved area between the designated lane of travel and the edge of the pavement. When Tabor changed his mind, abandoned his anticipated left-turn maneuver and commenced a turn to the right, the two vehicles collided.

Ron and Marilyn Ahles filed a negligence action in July of 1998, seeking damages from Jodie R. and Jane Doe Tabor, Gerald and Deone Anderson, husband and wife, d/b/a Jerry's Body Shop and Sunset Towing, Taxi and Motors for injuries suffered in the collision. The defendants answered and also filed a counterclaim alleging that Ron Ahles' conduct in passing on the right was a violation of I.C. § 49–633, which contributed to the accident and should bar Ahles from recovery on his claim.

The defendants filed a motion for partial summary judgment in July of 1999, asserting the existence of no genuine issues of material fact. The defendants requested the district court to rule as a matter of law that I.C. § 49–644 did not require the Anderson/Tabor vehicle to be located on the shoulder of the roadway in order to make a right-hand turn, and that the movement of Ahles' semi on the shoulder of the roadway did not meet the conditions of I.C. § 49–633 to pass on the right. The district court granted partial summary judgment to the defendants after concluding that Ron Ahles was negligent *per se* in violating the provisions of I.C. § 49–633. The district court also found Tabor to be negligent by virtue of his violation of the provisions of I.C. § 49–808 requiring a continuous signal of intention to turn or move right to warn other traffic.

After hearing evidence on the issues of liability and damages, the district court sitting as the trier of fact found that Tabor's and Ahles' negligence were the proximate causes of the accident and apportioned the percentage of fault equally between Ahles and Tabor. Concluding that neither party

had prevailed in the action, the district court did not award damages or attorney fees to any party but entered an order dismissing all of the parties' claims.

## II.

## ISSUES

Ahles raises two claims of error on appeal. He argues first that the district court incorrectly held on summary judgment that Ahles' act of passing Tabor's vehicle on the right in violation of I.C. § 49–633 was negligence *per se*. Second, Ahles asserts that the district court erred in assessing to him fifty percent of the negligence that caused the accident, based on the negligence *per se* ruling, which ultimately denied Ahles any recovery on his personal injury claim.

## III.

## ANALYSIS

■ Negligence *per se*, which results from the violation of a specific requirement of law or ordinance, is a question of law to be decided by the court, *Petersen v. Parry*, 92 Idaho 647, 448 P.2d 653 (1968), and over which we exercise free review. *O'Loughlin v. Circle A Constr.*, 112 Idaho 1048, 739 P.2d 347 (1987). The determination of proximate cause, which is reserved for the trier of fact, will not be set aside on appeal unless clearly erroneous and not supported by substantial, competent evidence. *See Tuttle v. Sudenga Industries, Inc.*, 125 Idaho 145, 868 P.2d 473 (1994); *Hake v. DeLane*, 117 Idaho 1058, 793 P.2d 1230 (1990); *Lindhartsen v. Myler*, 91 Idaho 269, 420 P.2d 259 (1966); *Walenta v. Mark Means Co.*, 87 Idaho 543, 394 P.2d 329 (1964); I.R.C.P. 52(a).

■ The effect of establishing negligence *per se* through violation of a statute is to conclusively prove the first two elements of a cause of action in negligence. *Slade v. Smith's Management Corp.*, 119 Idaho 482, 489, 808 P.2d 401, 408 (1991). Negligence *per se* lessens the plaintiff's burden only on the issue of the "actor's departure from the standard of conduct required of a reasonable man." RESTATEMENT (SECOND) OF TORTS § 288B cmt. B (1965). Thus, the elements of duty and breach are "taken away from the jury." *See Prosser and Keeton on*

*Torts* 230 (5th ed.1984). Once proved, however, negligence *per se* does not differ in its legal consequences from ordinary negligence.

■ We have generally held the violation of motor vehicle safety statutes to be negligence *per se*. *Griffith v. Schmidt*, 110 Idaho 235, 715 P.2d 905 (1985) (law fixing speed limit); *Bradbury v. Voge*, 93 Idaho 360, 461 P.2d 255 (1969) (law requiring operation of vehicle on left side of the highway while traversing an intersection); *Bale v. Perryman*, 85 Idaho 435, 380 P.2d 501 (1963) (statute prescribing limitations on driving to the left of center of roadway); *Brixey v. Craig*, 49 Idaho 319, 288 P. 152 (1930) (act regulating speed when approaching within fifty feet and in traversing an intersection of highways when driver's view is obstructed); *Johnson v. Emerson*, 103 Idaho 350, 647 P.2d 806 (Ct.App.1982) (speed limit statute). These public safety statutes set forth a standard of care established by the legislature that supplants the reasonable person standard encompassed in the concept of ordinary negligence. *See* 57A AM. JUR. 2D *Negligence* § 748 (1989).

■ In 1987, while deciding whether the violation of OSHA regulations constituted negligence as a matter of law, this Court enumerated several criteria to be met before negligence *per* se would be found. *Sanchez v. Galey*, 112 Idaho 609, 617, 733 P.2d 1234, 1242 (1986). The Court held that the statute must (1) clearly define the required standard of conduct; (2) the statute or regulation must have been intended to prevent the type of harm the defendant's act or omission caused; (3) the plaintiff must be a member of the class of persons the statute or regulation was designed to protect; and (4) the violation must have been the proximate cause of the injury. *Id.* at 617, 733 P.2d at 1242. *See also Stott By and Through Dougall v. Finney*, 130 Idaho 894, 950 P.2d 709 (1997) (affirming the four-part test but declining to hold defendant negligent as a matter of law for violating the statute requiring acquisition of a dam permit due to lack of jurisdiction); *Nettleton v. Thompson*, 117 Idaho 308, 787 P.2d 294 (Ct.App.1990) (holding that the Uniform Building Code clearly specifies the re-

quirements for building and maintaining a stairway in a residential dwelling).

■ The statute in the instant case, as part of Title 49, Chapter 6, was designed to protect motorists and other persons using Idaho's roads from a particular harm caused by persons operating motor vehicles thereon. *See* I.C. § 49–601. Therefore, the second and third criteria of the test set forth in *Sanchez v. Galey* are satisfied. The standard of conduct described in I.C. § 49–633, however, is far from clear and requires statutory interpretation including consideration of problematic definitions of terms used in the statute.

Idaho Code, section 49–633 reads as follows:

> (1) The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:
>
> (a) When the vehicle overtaken is making or about to make a left turn;
>
> (b) Upon a highway with unobstructed pavement of sufficient width for two (2) or more lines of vehicles moving lawfully in the direction being traveled by the overtaking vehicle.
>
> (2) The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. That movement shall not be made by driving off the roadway.

The legislature used the word "highway" in Section 1 and "roadway" in Section 2, terms which are further defined in I.C. §§ 49–109(5) and 49–119(18), respectively. A "highway" is "the entire width between the boundary lines of every way publicly maintained when any part is open to the use of the public for vehicular travel, with jurisdiction extending to the adjacent property line, including sidewalks, shoulders, berms and rights-of-way not intended for motorized traffic. The term 'street' is interchangeable with highway." I.C. § 49–109(5). Section 2 of I.C. § 49–633 uses the term "roadway," directing that passing on the right "not be made by driving off the roadway." "Roadway" is defined in I.C. § 49–119(18) as "that portion of a highway improved, designed or

ordinarily used for vehicular travel, exclusive of sidewalks, shoulders, berms and rights-of-way." Clearly, by these statutory definitions, "roadway" is a more restrictive term than "highway," which encompasses a roadway. For example, although the statute does not define the term "shoulder," the statute describes a shoulder as part of a highway but excludes shoulder as part of a roadway.

■ In utilizing specific terms in a statute, it must be presumed, unless indicated otherwise, that the legislature intended those terms to be interpreted in accordance with existing judicial decisions. *Bybee v. State, Industrial Special Indemnity Fund*, 129 Idaho 76, 921 P.2d 1200 (1996). Unless the result is palpably absurd, courts must assume that the legislature meant what it said. *State, Dep't of Law Enforcement v. One 1955 Willys Jeep, V.I.N. 573481691*, 100 Idaho 150, 595 P.2d 299 (1979); *Marmon v. Marmon*, 121 Idaho 480, 825 P.2d 1136 (Ct. App.1992). The distinction that the legislature intended to make in this statute, however, cannot easily be ascertained, contributing to the vagueness of the standard of conduct expressed therein.

■ In order to resolve the issue of negligence *per se* on summary judgment, the district court examined the statutory definitions and took judicial notice of the Manual on Uniform Traffic Control Devices for Streets and Highways [1] for guidance in determining whether Ahles was traveling on the shoulder and thus off the "roadway" for purposes of Section 2. Other questions raised by the statute include whether the pavement is of sufficient width for passing and whether the passing movement can be done in safety. All of these questions add to the complexity of the statute and show that the standard of conduct derived from interpreting the statutes is less than clear and not easily ascertained or applied. We conclude that I.C. § 49–633 does not satisfy the *Sanchez v. Galey* test with regard to the description of a clear standard of conduct. Accordingly, the alleged violation of the statute in this case cannot be deemed negligence *per se*.

---

1. Mandatory provisions in the MUTCD have the force of law. *Esterbrook v. State*, 124 Idaho 680,

863 P.2d 349 (1993).

## IV.

## CONCLUSION

We reverse the district court's finding of negligence *per se.* Because the district court's allocation of fifty percent negligence to Ahles was predicated on the erroneous application of negligence *per se,* we vacate the judgment dismissing the claims of all the parties. We remand the matter for the district court to determine anew the issue of Ahles' negligence, i.e., whether Ahles' conduct breached the standard of reasonable care under the circumstances. Once that determination has been made, then the court should allocate to Ahles a proportionate share of liability, if any, for the accident.

Ahles is the prevailing party on this appeal and claims an entitlement to an award for attorney fees pursuant to I.C. § 12–120(1). Inasmuch as the case is remanded for a redetermination of liability, we direct the district court to decide also whether Ahles satisfied the predicate conditions of I.C. § 12–120(1) to qualify for an award of attorney fees, in addition to being the prevailing party on the appeal. If those conditions were properly satisfied, then on completion of the proceedings on remand the district court shall determine the amount of the award for fees on this appeal as part of the overall request by the parties for awards of attorney fees.

Costs on appeal are awarded to the appellants, to be determined under I.A.R.40.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, **CONCUR.**