95 P.3d 88

**Kristina A. VAUGHN, Plaintiff–Appellant,**

v.

**Scott M. PORTER, Defendant–Respondent.**

No. 29719.

Court of Appeals of Idaho.

July 1, 2004.

Derek Anthony Pica, Boise, for appellant.

Cantrill, Skinner, Sullivan King, LLP, Boise, for respondent. Robert David Lewis argued.

LANSING, Chief Judge.

This is a personal injury action in which Kristina A. Vaughn sued Scott M. Porter for damages as a result of injuries that Vaughn sustained in an automobile accident. After a jury found Vaughn's negligence to be equal to that of Porter, which deprived Vaughn of any recovery, she filed a motion for a judgment notwithstanding the verdict and a motion for a new trial, both of which were

denied by the district court. Vaughn appeals from the denial of her motions. We affirm.

## I.

## BACKGROUND

On December 31, 2000, Vaughn was driving westbound on Palouse Street in Boise, approaching an uncontrolled intersection with Gourley Street. To her left, Porter was traveling northbound on Gourley toward the same intersection, going 25 to 30 m.p.h. in a 25 m.p.h. zone. Neither driver saw the other's automobile approaching the intersection, and Vaughn's car collided with the back right panel of Porter's vehicle. Vaughn sued Porter, alleging that he was negligent in failing to yield the right-of-way in compliance with an Idaho statute providing that, where two vehicles approach an uncontrolled intersection, the driver on the right possesses the right-of-way.

A jury found that Vaughn and Porter were each 50 percent negligent. This verdict precluded any recovery by Vaughn because, under Idaho's comparative negligence law, Idaho Code § 6–801, a plaintiff whose negligence contributed to an injury may not recover from any defendant whose negligence was no greater than that of the plaintiff. Following the jury verdict, Vaughn moved for a judgment notwithstanding the verdict ("jnov"), and for a new trial. The district court denied both motions. Vaughn appeals from the order denying her post-trial motions.

## II.

## ANALYSIS

### A. Motion for Judgment Notwithstanding the Verdict

We first address Vaughn's contention that the district court should have granted her motion for jnov. She argues that on the evidence presented at trial, a reasonable mind could only conclude that the accident was caused solely by Porter's negligence.

■ A motion for jnov may be granted only where there is no substantial competent evidence to support the jury's verdict. *Rick-etts v. E. Idaho Equip. Co., Inc.*, 137 Idaho 578, 580, 51 P.3d 392, 394 (2002); *Highland Enters., Inc. v. Barker*, 133 Idaho 330, 337, 986 P.2d 996, 1003 (1999). To be substantial, the evidence need not be uncontradicted; it need only be of a sufficient quantity and probative value that reasonable minds could conclude that the jury's verdict was proper. *Ricketts*, 137 Idaho at 580, 51 P.3d at 394; *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 274, 561 P.2d 1299, 1307 (1977). In ruling on the motion, the trial court does not weigh the evidence, evaluate the credibility of witnesses, or compare any of its own factual findings to those of the jury; the court draws all inferences in favor of the non-moving party. *Ricketts*, 137 Idaho at 580, 51 P.3d at 394. The motion should be granted only where reasonable minds could not have arrived at the verdict that was reached by the jury. *Id.; Watson v. Navistar Int'l Transp. Corp.*, 121 Idaho 643, 658, 827 P.2d 656, 671 (1992). On appeal, we apply that same standard and do not defer to the trial court's views. *Ricketts*, 137 Idaho at 580–81, 51 P.3d at 394–95.

■ Central to Vaughn's argument is her contention that she had no duty to look to her left as she approached the intersection. She relies upon I.C. § 49–640(1), which placed upon Porter the duty to yield the right-of-way at the intersection. That statute provides: "When two (2) vehicles approach or enter an unmarked or uncontrolled intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right." Vaughn argues that this statute places the sole duty of care upon the driver of the vehicle on the left.

■ Although this statute plainly placed upon Porter the duty to yield the right-of-way, we disagree with Vaughn's contention that it correspondingly relieved her of any duty of care. Idaho law requires that all drivers keep a proper lookout. *See, e.g., Rife v. Long*, 127 Idaho 841, 851, 908 P.2d 143, 153 (1995); *Smith v. Angell*, 122 Idaho 25, 28, 830 P.2d 1163, 1166 (1992); *Robinson v. Westover*, 101 Idaho 766, 768, 620 P.2d 1096, 1098 (1980); *Drury v. Palmer*, 84 Idaho 558,

564, 375 P.2d 125, 128 (1962). This duty was described as follows in *Drury* which, like the present case, arose from a collision in an uncontrolled intersection.

> [Plaintiff] was under the duty to maintain a lookout for other vehicles approaching the intersection. The duty is not merely of looking, but is one of observation, imposing upon a motorist the necessity of being observant as to the traffic and general situation at or in the vicinity of the intersection. He must look in such prudent and careful manner as to enable him to see what a person in the exercise of ordinary care and caution for the safety of himself and others would have seen under like circumstances.

*Drury*, 84 Idaho at 562, 375 P.2d at 127.

> The whole theory of motor vehicle law is based on the requirement that the operator keep his vehicle under control at all times, considering actual and potential hazards, which of necessity contemplates proper lookout by the operator. (I.C. § 49–701). It is not only the duty of the operator to look, but it is his duty to see and be cognizant of that which is plainly visible or obviously apparent, and a failure on his part in this regard, without proper justification or reason, makes him chargeable for failure to see what he should have seen had he been in the exercise of reasonable care.

*Drury*, 84 Idaho at 564, 375 P.2d at 128. Vaughn therefore bore a duty to vigilantly watch for other vehicles or road hazards.

Vaughn argues, however, that she was entitled to assume that any driver approaching from the left would yield, and therefore had no duty to keep a lookout for vehicles approaching from that direction. She relies upon a statement from *Quick v. Crane*, 111 Idaho 759, 764, 727 P.2d 1187, 1192 (1986), that "a driver has the right to assume other drivers are exercising reasonable care on the highways by obeying the rules of the road." According to Vaughn, this statement establishes that she was entitled to assume that any driver approaching the intersection from the left would obey I.C. § 49–640(1) by yielding the right-of-way, so that Vaughn had no

duty to look in that direction before entering the intersection.

■ In negligence actions, the determination of whether a duty existed is a question of law to be decided by the court. *Bramwell v. S. Rigby Canal Co.*, 136 Idaho 648, 650, 39 P.3d 588, 590 (2001); *Turpen v. Granieri*, 133 Idaho 244, 247, 985 P.2d 669, 672 (1999). We conclude that Vaughn misapprehends the meaning of the statement in *Quick* and the function of I.C. § 49–640(1). In *Quick*, several vehicles were driving on the freeway behind a truck in a thick fog. The plaintiffs' vehicle, traveling at 25 m.p.h. or more, collided with the back of the defendants' truck when the truck was either completely stopped or moving about 5 m.p.h. The jury apportioned 87 percent of the negligence to the truck driver and only 12 percent to the plaintiffs. The defendants moved for jnov, arguing that no reasonable jury could have found the plaintiffs to be only 12 percent at fault. The Idaho Supreme Court affirmed the district court's denial of the defendants' jnov motion, and in doing so, made the comment upon which Vaughn now relies:

> A stopped vehicle in the middle of the traveling lane of a highway, even when conditions impair visibility, is a hazard the law does not require other drivers to assume. In fact, a driver has the right to assume other drivers are exercising reasonable care on the highways by obeying the rules of the road.

*Quick*, 111 Idaho at 764, 727 P.2d at 1192. We do not understand this language to eliminate a driver's duty to keep a lookout for other vehicles, including those that may be operated in violation of the law. In *Quick*, the Court was considering whether the defendant truck driver, despite his own negligence, could be relieved of liability because the plaintiffs' negligence should have been found to be greater. It was not contended in *Quick*, and the Court did not hold, that either party could be completely relieved of any duty of care because the other was driving negligently.

The notion that Vaughn had no obligation to keep a lookout to the left as she entered the intersection because of the operation of I.C. § 49–640(1) is negated by additional de-

cisions that, like *Quick*, mention a driver's right to assume that others are obeying the rules of the road. These cases indicate that such an assumption is permissible only for drivers who are themselves exercising due care. For example, *Coughran v. Hickox*, 82 Idaho 18, 348 P.2d 724 (1960) expresses the rule as follows: "Ordinarily a motorist may assume that other travelers will obey the rules of the road, *at least in the absence of anything which in the exercise of reasonable care would put him on notice to the contrary. Where he is himself observing the regulations for traffic on the highway* he has a right to its use superior to that of one who is violating traffic regulations." *Id.* at 26, 348 P.2d at 728 (emphasis added). Similarly, the court in *Holland v. Peterson*, 95 Idaho 728, 518 P.2d 1190 (1974) endorsed, as a correct general statement of the law, a jury instruction saying that *"Every person who, himself, is exercising ordinary care*, has a right to assume that every other person will perform his duty and obey the law, *and in the absence of reasonable cause for thinking otherwise*, it is not negligence for such a person to assume that he is not exposed to danger which can come to him only from a violation of law or duty by another person." *Id.* at 731, 518 P.2d at 1193 (emphasis added). Thus, the "assumption" upon which Vaughn relies does not operate for the benefit of a driver who was not exercising reasonable care. We have found no case, and Vaughn has cited none, that holds that a driver's failure to keep a proper lookout is excused by another driver's violation of a statutory duty.

■ The risk that another vehicle will be approaching an uncontrolled intersection at the same time is a hazard that every driver should be aware of and on alert against. Vaughn likely could have avoided the accident had she performed her common law duty to keep a proper lookout and react reasonably to conditions that are readily observable. She was "on notice" that Porter might not yield the right-of-way because, had she looked to her left, she could have seen Porter approaching the intersection at a speed that was inconsistent with the expectation that he would yield.

Because there was substantial and competent evidence that Vaughn breached her common law duty to keep a proper lookout, and that such breach contributed to the accident, the jury was entitled to conclude that Vaughn was partially at fault.

## B. Motion for New Trial

■ Vaughn next contends that the district court should have granted her motion for a new trial because the clear weight of the evidence did not support the jury's finding of equal negligence. Pursuant to Idaho Rule of Civil Procedure 59(a)(6), a trial court may grant a new trial if the evidence is not sufficient to justify the verdict. In acting on such a motion, the trial court is not required to view the evidence in a light most favorable to the prevailing party and may grant a new trial even though substantial evidence supports the jury's decision. *Palmer v. Spain*, 138 Idaho 798, 800, 69 P.3d 1059, 1061 (2003). The trial court is permitted to weigh the evidence and make its own determination of the credibility of witnesses. A new trial may be granted if the court concludes that the verdict is not in accord with the clear weight of the evidence, that justice would be served by vacating the verdict, and that a new trial would probably produce a different result. *Id.* at 801, 69 P.3d at 1062; *Burggraf v. Chaffin*, 121 Idaho 171, 174, 823 P.2d 775, 778 (1991); *Robertson v. Richards*, 115 Idaho 628, 631–32, 769 P.2d 505, 508–09 (1987). The decision whether to grant a new trial is committed to the trial court's discretion. *Palmer*, 138 Idaho at 800, 69 P.3d at 1061; *Sheridan v. St. Lukes Reg'l Med. Ctr.*, 135 Idaho 775, 779, 25 P.3d 88, 92 (2001).

Vaughn argues that the district court abused its discretion here because the clear weight of the evidence showed that Porter was more than 50 percent at fault. Vaughn points out that Porter committed three distinct acts of negligence: failing to yield the right-of-way, exceeding the speed limit, and failing to keep a proper lookout. This, Vaughn argues, makes the jury's fifty-fifty division of the negligence unreasonable.

■ In considering this issue, it must be recognized that Porter's violation of I.C. § 49–640(1) by failing to yield, and his driv-

ing speed if he was exceeding the 25 m.p.h. speed limit, were negligence per se. *See Ahles v. Tabor,* 136 Idaho 393, 395, 34 P.3d 1076, 1078 (2001) (generally, violation of motor vehicle safety statute is negligence per se). This does not, however, compel a conclusion that Porter's negligence exceeded that of Vaughn. The function of negligence per se is not to assign to a defendant a degree of fault; the effect of demonstrating negligence per se is to conclusively prove the first two elements of a negligence cause of action, namely, the existence of a duty and a breach thereof. *Ahles,* 136 Idaho at 395, 34 P.3d at 1078. Once proved, negligence per se does not differ in its legal consequences from ordinary negligence. *Id.*

Porter's acts in this case could be viewed as a greater departure from the legal norm, thus carrying a greater degree of culpability than Vaughn's negligence; but a rational trier of fact could also conclude that Porter and Vaughn equally contributed to causing the accident. Although Vaughn testified at trial that she had "glanced to my left a little bit" before entering the intersection, on cross-examination it was pointed out that during her pretrial deposition, Vaughn's testimony had been contrary. The jury heard that in her deposition Vaughn mentioned only looking to the right before entering the intersection and stated that she was just "starting" to look to the left when the collision occurred. The jury reasonably could have concluded that Vaughn's deposition testimony was the more candid and that she had not looked to the left at all before proceeding into the intersection. In addition, because the front of Vaughn's vehicle collided with the back right panel of Porter's vehicle, the jury might have inferred that Vaughn was especially slow in reacting to the situation since Porter's vehicle was most of the way through the intersection before the collision occurred. As the district court noted in denying the new trial motion, both Vaughn and Porter failed to see the obvious as they entered the intersection. The evidence indicates there were no obstructions to block either's view of approaching vehicles. And, as the district court also observed, even if Porter was traveling slightly above the speed limit, his speed would not have prevented Vaughn from see-

ing Porter's vehicle in time to avoid the accident. It was for the jury to determine the relative fault of the parties. Nothing suggests that the jurors did not consider in their analysis Porter's statutory duty to yield, and nothing in Idaho law requires a jury to assign a greater degree of fault to a party who is negligent per se.

Vaughn also points out that, in addressing the motion for a new trial, the district judge acknowledged that she had been a little surprised that the jury did not assign greater negligence to Porter. Vaughn implies that this judicial comment establishes that there were grounds for a new trial. We do not agree. The fact that a judge would have reached a different decision is not the equivalent of a finding that the verdict is against the clear weight of the evidence. Were it otherwise, the judgment of a trial court could be routinely substituted for that of a jury. Rule 59(a)(6) is not intended to dispense with the function of the jury; rather, it provides a check to ensure that jury verdicts are not unreasonable or contrary to law. We conclude that the district court acted within the scope of its discretion in refusing to grant a new trial even though the court might have reached a different apportionment of negligence if the case had been tried to the court.

### C. Attorney Fees on Appeal

Porter requests an award of attorney fees on appeal pursuant to I.C. § 12–121, which authorizes such an award where an appeal was brought, pursued or defended frivolously, unreasonably, or without foundation. *Magic Valley Radiology Assoc., P.A. v. Prof'l Bus. Serv., Inc.,* 119 Idaho 558, 563, 808 P.2d 1303, 1308 (1991); *Landvik by Landvik v. Herbert,* 130 Idaho 54, 63, 936 P.2d 697, 706 (Ct.App.1997). We conclude, however, that the appeal, though unsuccessful, is not frivolous or unreasonable, and we therefore decline to grant attorney fees.

### III.

### CONCLUSION

The district court's order denying Vaughn's motions for jnov and for new trial

is affirmed. Costs, but not attorney fees, are awarded to respondent Porter.

Judge PERRY and Judge Pro Tem WALTERS concur.