**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39195**

| | |
|---|---|
| DONETTA I. KAFADER, ) | |
| ) | **2012 Opinion No. 62** |
| Plaintiff-Appellant, ) | |
| ) | **Filed: November 28, 2012** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| KIMBERLY A. BAUMANN, ) | |
| ) | |
| Defendant-Respondent. ) | |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying motion for additur or, in the alternative, for a new trial, <u>reversed</u> <u>and</u> <u>remanded</u>.

Clark & Associates, Eagle, for appellant. Eric R. Clark argued.

Lopez & Kelly, PLLC, Boise, for respondent. Michael E. Kelly argued.

---

MELANSON, Judge

Donetta I. Kafader appeals from the district court's order denying her motion for additur or, in the alternative, for a new trial following a jury verdict in her favor. For the reasons set forth below, we reverse and remand.

## I.

## FACTS AND PROCEDURE

Kafader brought this action seeking damages for personal injuries arising from a car collision with Kimberly A. Baumann. On October 28, 2008, Kafader stopped her pickup at a crosswalk for a pedestrian. While driving approximately 10-15 mph, Baumann crashed her sedan into the rear end of Kafader's pickup. Baumann admitted liability for negligence and the case went to trial regarding the issue of damages.

At trial, Kafader acknowledged a preexisting lower back injury from an employment accident in the late 1970s. Kafader also testified that, in March 2008, she injured her ankle in a

1

grocery store parking lot. Kafader presented a medical bill summary claiming $15,475.72 in damages for treatment of injuries allegedly caused by the collision. Experts testified for both parties regarding Kafader's preexisting injuries, their effect on her condition following the collision, and the extent to which the collision caused her current symptoms. A jury returned a verdict in favor of Kafader, awarding her $2,787.50 in economic damages and $15,000 in noneconomic damages. Kafader moved the district court for an additur of an unspecific amount[1] or, in the alternative, for a new trial. The district court denied this motion. Kafader appeals.

## II.

## ANALYSIS

On appeal, we review a trial court's decision to grant or deny a new trial for an abuse of discretion, and we will not disturb that decision absent a manifest abuse of this discretion. *Lanham v. Idaho Power Co*., 130 Idaho 486, 497-98, 943 P.2d 912, 923-24 (1997); *Burggraf v. Chaffin*, 121 Idaho 171, 173, 823 P.2d 775, 777 (1991). The test for determining whether the trial court has abused its discretion consists of three inquiries: (1) whether the court correctly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the court reached its decision through an exercise of reason. *Lanham*, 130 Idaho at 498, 943 P.2d at 924. When reviewing the trial court's decision, we consider the grounds upon which the lower court based its decision to grant or deny the motion. *Id.* In reviewing the grant or denial of a motion for a new trial, "we primarily focus upon the process used by the trial judge in reaching his or her decision, not upon the result of that decision." *Hudelson v. Delta Int'l Mach. Corp*., 142 Idaho 244, 248, 127 P.3d 147, 151 (2005); *see also Keyser v. Garner*, 129 Idaho 112, 119, 922 P.2d 409, 416 (Ct. App. 1996) (appellate court is constrained to focus on the process the trial court used to reach its decision and must refrain from engaging in result-oriented appellate review of the trial court's discretionary decision).

### A. Damages Awarded Under Influence of Passion or Prejudice

Kafader first argues that the district court erred by denying her request for a new trial under I.R.C.P. 59(a)(5). That rule authorizes the trial court to grant a new trial where the jury's

---

[1] At the hearing on the post-trial motion, Kafader indicated she had hoped the jury would return a verdict somewhere between $150,000 and $200,000.

award of damages was excessive or inadequate, appearing to have been given under the influence of passion or prejudice. The district court may conditionally grant a new trial subject to an additur. I.R.C.P. 59.1. The proper focus for a trial court when addressing a motion for a new trial based upon inadequate or excessive damages was described by the Idaho Supreme Court in *Dinneen v. Finch*, 100 Idaho 620, 625-26, 603 P.2d 575, 580-81 (1979):

> Where a motion for a new trial is premised on inadequate or excessive damages, the trial court must weigh the evidence and then compare the jury's award to what he would have given had there been no jury. If the disparity is so great that it appears to the trial court that the award was given under the influence of passion or prejudice, the verdict ought not stand. It need not be proven that there was in fact passion or prejudice nor is it necessary to point to such in the record. The appearance of such is sufficient.

It is undisputed that the district court correctly perceived this issue as one of discretion, and we therefore proceed to address whether the district court acted in compliance with the applicable legal standard.

Kafader argues that the district court erred by incorrectly applying the applicable standard and according unwarranted deference to the jury. Specifically, Kafader cites to the order denying her motion in which the district court held that the "credibility of the doctors' opinions is truly a matter for jury determination" and consistently referred to what the jury may have concluded. Kafader posits this demonstrates the district court did not independently weigh the evidence. Kafader also takes exception to the phraseology used in the district court's conclusion: "given the finding that the cervical injury was not permanent." Kafader asserts this reveals the district court was deferring to the jury on the issue of whether the injury was permanent. We agree that the district court deferred to the jury on the issue of whether the injury was permanent and, also, the credibility of the doctors' opinions.

As the district court recognized, the correct legal standard involves weighing the evidence and then comparing what the district court would have awarded had there been no jury. *See Dinneen,* 100 Idaho at 625, 603 P.2d at 580. However, the district court seems to have operated under the assumption that credibility of witnesses is a jury function and that, in weighing the evidence, the district court could defer to the jury on such issues. Contrary to this assumption, the Idaho Supreme Court has indicated that, as an initial step, the court must weigh all of the evidence, stating "the court's weighing process is not merely a right that the court may exercise, but its

3

responsibility--an additional safeguard to reaching a just result." *Sanchez v. Galey*, 112 Idaho 609, 614, 733 P.2d 1234, 1239 (1986).[2]

Here, although the district court stated that it weighed the evidence, it appears to have skipped the required first step in the analysis by deferring to the jury on the credibility of the doctors' opinions and the determination on whether the injury was permanent. Kafader was entitled to such an initial weighing of the evidence by the district court. Accordingly, the district court failed to follow the proper legal process in determining whether Kafader should be granted a new trial. Because our primary focus on review is upon the process used by the district court to reach its decision, we hold that it failed to act within the boundaries of its discretion and consistent with the applicable legal standard when it denied Kafader's motion for a new trial under I.R.C.P. 59(a)(5). Therefore, the district court erred in denying Kafader's motion for a new trial pursuant to I.R.C.P. 59(a)(5).

**B.      Insufficiency of Evidence**

Kafader next argues that the district court erred by denying her motion for a new trial pursuant to I.R.C.P. 59(a)(6). Once again, we review a trial court's decision to grant or deny a new trial for an abuse of discretion, and we will not disturb that decision absent a manifest abuse of this discretion. *Lanham*, 130 Idaho at 497-98, 943 P.2d at 923-24; *Burggraf,* 121 Idaho at 173, 823 P.2d at 777. The same three-part abuse of discretion test set forth above has equal application here. *Lanham*, 130 Idaho at 498, 943 P.2d at 924. When a motion for a new trial is based on the ground of insufficient evidence to justify the verdict, the trial court must weigh the evidence presented at trial and grant the motion only where the verdict is not in accord with its assessment of the clear weight of the evidence. *Lanham,* 130 Idaho at 498, 943 P.2d at 924; *Pocatello Auto Color, Inc. v. Akzo Coatings, Inc.*, 127 Idaho 41, 45, 896 P.2d 949, 953 (1995).

---

[2]      In this case, that initial step appears somewhat problematic, as a difference of opinion on the pivotal issue--whether the injury was permanent--would almost certainly result in disparate awards. However, even in such situations, the trial court must ultimately defer to the jury unless it is apparent to the court "that there is a great disparity between the two damage awards and that the disparity cannot be explained away as simply the product of two separate entities valuing the proof of the plaintiff's injuries in two equally fair ways." *Quick v. Crane*, 111 Idaho 759, 769, 727 P.2d 1187, 1197 (1986). Therefore, while a contrary finding on the issue of whether the injury was permanent could result in the district court coming up with a disparate award, it is still possible that this disparate award could be explained away as two separate entities valuing the proof of injuries in two equally fair ways. In other words, it does not necessarily require the district court to substitute its finding for that of the jury's.

In ruling on the motion, the trial court must independently assess the credibility of the witnesses. *Lanham,* 130 Idaho at 498, 943 P.2d at 924; *Quick v. Crane*, 111 Idaho 759, 766, 727 P.2d 1187, 1194 (1986).[3] The trial court is not merely authorized to engage in this weighing process, it is obligated to do so. *Sanchez*, 112 Idaho at 614, 733 P.2d at 1239. The trial court is not required to construe the evidence in favor of the jury verdict. *Lanham,* 130 Idaho at 498, 943 P.2d at 924; *Quick*, 111 Idaho at 767, 727 P.2d at 1195. To grant a new trial, the court must apply a two-pronged test: (1) the court must find that the verdict is against the clear weight of the evidence and that the ends of justice would be served by vacating the verdict; and (2) the court must conclude that a retrial would produce a different result. *Lanham,* 130 Idaho at 498, 943 P.2d at 924; *Heitz v. Carroll*, 117 Idaho 373, 378, 788 P.2d 188, 193 (1990).

Kafader argues the district court erred by deferring to the jury on the credibility of the doctors' opinions and on whether the injury was permanent. Kafader relies on the same statements made by the district court set forth above in the Rule 59(a)(5) analysis. Kafader argues that the failure to make an independent evaluation under Rule 59(a)(6) demonstrates the

---

[3] While a small number of cases could be read to indicate that the weighing of evidence is a permissive first step, the weight of authority indicates this is a mandatory requirement. *Compare Harger v. Teton Springs Golf & Casting, LLC*, 145 Idaho 716, 718, 184 P.3d 841, 843 (2008) (stating trial court "must" weigh the evidence), *Hudelson*, 142 Idaho at 248, 127 P.3d at 151 ("trial judge may grant a new trial on that ground if, after making his or her own assessment of the credibility of the witnesses and weighing the evidence, the judge determines that the verdict is not in accord with the clear weight of the evidence"), *Palmer v. Spain*, 138 Idaho 798, 801, 69 P.3d 1059, 1062 (2003) (in "weighing the evidence, the district court independently determines whether the evidence, including the credibility of witnesses, supports the verdict"), *Lanham*, 130 Idaho at 498, 943 P.2d at 924 (when ruling on an I.R.C.P. 59(a)(6) motion, "trial court must weigh the evidence presented at trial"), *Galloway v. Walker*, 140 Idaho 672, 678, 99 P.3d 625, 631 (Ct. App. 2004) (on motion for new trial, the trial court "must weigh the evidence and independently assess the credibility of the witnesses"), *Keyser*, 129 Idaho at 120, 922 P.2d at 417 ("trial court is not merely authorized to engage in this weighing process, it is obligated to do so"), *Sullivan v. Bullock*, 124 Idaho 738, 745-46, 864 P.2d 184, 191-92 (Ct. App. 1993) ("trial court is not merely authorized to engage in this weighing process, it is obligated to do so"), and *Litchfield v. Nelson*, 122 Idaho 416, 422, 835 P.2d 651, 657 (Ct. App. 1992) ("trial court is not merely authorized to engage in this weighing process, it is obligated to do so"), *with Jones v. Panhandle Distrib., Inc.*, 117 Idaho 750, 754, 792 P.2d 315, 319 (1990) (in deciding motion for new trial, a trial court has broad discretion and "may" weigh the evidence and credibility of the witnesses), and *Vaughn v. Porter*, 140 Idaho 470, 474, 95 P.3d 88, 92 (Ct. App. 2004) (trial court "is permitted" to weigh the evidence and make its own determination of the credibility of witnesses).

district court failed to act consistent with the legal standard applicable to the motion and abused its discretion.

In its order, the district court recognized that the standards under I.R.C.P. 59(a)(5) and (6) are different and that it was required to weigh the evidence, determine whether the verdict was against its view of the clear weight of the evidence, and determine whether a new trial would have produced a different result. It is undisputed that the district court correctly perceived this issue as one of discretion, and we therefore proceed to address whether the district court acted in compliance with the applicable legal standard.

In the district court's Rule 59(a)(6) analysis, the district court incorporated its analysis from its previous discussion on Rule 59(a)(5). In doing so, it appears the district court still deferred to the jury on the pivotal issue in this case--whether the injury was permanent. The statements by the district court in its order indicate that it simply recognized that there was evidence in support of both parties' arguments. This is distinct from independently assessing the credibility of the doctors and making its own determination on what verdict it would have returned had there been no jury. Therefore, the district court did not act consistent with the applicable legal standard and erred in denying the motion for new trial under Rule 59(a)(6).[4]

## C.      Costs and Attorney Fees

Both parties seek attorney fees on appeal pursuant to I.C. § 12-121. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Because Baumann is not the prevailing party on appeal, she will not be awarded attorney fees under I.C. § 12-121. However, the record does not reflect that Baumann defended this appeal frivolously so as to justify the imposition of attorney fees. Although ultimately unsuccessful, Baumann's arguments were adequately reasonable, with at least some foundation. Therefore, attorney fees will not be awarded to Kafader under I.C. § 12-121. Costs are awarded to Kafader as the prevailing party.

---

[4]      Having determined that the district court erred on the issue of independently weighing the evidence, we need not address the remaining prong of Rule 59(a)(6).

6

**III.**

**CONCLUSION**

The district court abused its discretion in denying Kafader's motion for additur or, in the alternative, for a new trial by failing to independently assess the credibility of the doctors and make a determination on whether the injury was permanent. Accordingly, the district court's order is reversed and the case is remanded for reconsideration of that motion, using the appropriate standard. Neither party is entitled to attorney fees on appeal. However, costs are awarded to appellant Kafader.

Judge GUTIERREZ, **CONCURS.**

Judge LANSING, **DISSENTING**

I respectfully dissent. In my view, even if the district court committed error in the process it employed to rule upon Plaintiff Kafader's motion for a new trial, any such error was harmless.

With respect to Kafader's request for a new trial pursuant to I.R.C.P. 59(a)(5) based on a claim of inadequacy of the damages, it is true that the district court did not follow the procedure prescribed in *Dinneen v. Finch*, 100 Idaho 620, 625-26, 603 P.3d 575, 580-81 (1979), of first weighing the evidence to determine what the court would have awarded and then comparing it to the jury's award. Nevertheless, the district court clearly answered the pertinent question--whether the jury's award was "inadequate damages, appearing to have been given under the influence of passion or prejudice." I.R.C.P. 59(a)(5). Appellate review requires that we examine the entirety of the district court's memorandum decision. When one does so, it is apparent that the court did not merely defer to the jury's implicit finding that Kafader's cervical injury was not permanent. Rather, the court examined the conflicting medical testimony on this issue and then concluded that the jury's award was reasonable, supported by evidence, and *not the product of jury passion or prejudice*. The district court's comments include the following:

> The evidence concerning the duration of plaintiff's injuries was highly contested, and there was evidence upon which this jury could reasonably conclude that the cervical injury was not permanent.
> . . . .
> When evidence of damage and the extent of injury are undisputed it is possible for this court to "weigh the evidence and then compare the jury's award to what he would have given had there been no jury." When the evidence of the duration of the injury is disputed, as it was here, and when there is substantial evidence to support a jury determination that plaintiff did not suffer a permanent

7

> injury as contended, as they apparently did, the court cannot say that the award in this case was given under the "influence of passion or prejudice."
>
> The court has weighed the evidence in this case and concludes under the above analysis that the verdict was not so disparate with a reasonable view of the evidence as to suggest an award under the "influence of passion or prejudice." An award of $15,000 general damages under the facts of this case is consistent with a verdict that this court sitting without a jury would have awarded, given the finding that the cervical injury was not permanent. The court cannot conclude that the jury's award is based on "unjust behavior" [or] given under the "influence of passion or prejudice."

These portions of the district court's opinion make it clear that even if the court had strictly followed the procedure prescribed in *Dinneen*, and if the court had found Kafader's cervical injury permanent and determined the amount of damages it would have awarded for such a permanent injury, the court still would not have granted Kafader's motion for a new trial because the court would not have found that the jury's implicit contrary finding was the product of passion or prejudice. Rather, the court plainly concluded that the jury's determination was "reasonable," based on substantial evidence, and not unjust. Therefore, no purpose will be served by remanding this to the district court to craft a new memorandum opinion in which the court must disclose what it would have awarded before arriving at the same result--that any disparity between what the court would have awarded and what the jury awarded was not indicative that the jury acted under the influence of passion or prejudice.

With respect to the district court's ruling on Kafader's request for a new trial pursuant to I.R.C.P. 59(a)(6), the district court likewise provided a clear answer to the query required by the rule--whether there was insufficient evidence to justify the verdict. As noted by the majority opinion, "To grant a new trial, the court must apply a two-prong test: (1) the court must find that the verdict is against the clear weight of the evidence and that the ends of justice would be served by vacating the verdict; and (2) the court must conclude that a retrial would produce a different result. *Lanham v. Idaho Power Co.*, 130 Idaho 486, 498, 943 P.2d 912, 924 (1997); *Heitz v. Carroll*, 117 Idaho 373, 378, 788 P.3d 188, 193 (1990). The district court here straightforwardly addressed both of those prongs. It said:

> As stated, the pivotal issue here is whether Plaintiff proved a permanent injury. Certainly, there is substantial evidence to support each side's view of this case. Likewise there is sufficient evidence in the record to challenge the credibility and bias of the medical witnesses. Credible arguments can be and were made in support of the parties' positions in this case. There is substantial evidence to

> support each argument. This Court cannot say that the jury's verdict in this case is against the *clear weight* of the evidence.
>
> The Court also must consider whether a new trial would produce a different result. Here the Court cannot say that this jury acted unreasonably. Certainly, on the same evidence, a different jury *could* reach a different conclusion. But that is not the standard. The test is "whether a new trial *would* produce a different result." This Court has tried a number of personal injury cases to a jury with facts similar to those involved her[e] with very similar results. Having weighed the evidence, this Court cannot say that a new trial on this evidence would produce a different result.

The district court directly decided both prongs of the inquiry adversely to Kafader. The court did not merely defer to the jury's finding regarding the permanency of Kafader's injury, but performed the required assessment of whether the verdict was against the clear weight of the evidence and whether a new trial would produce a different result. I find no error in the district court's analysis.

For the foregoing reasons, I would affirm the order of the district court denying Kafader's motion for a new trial.