# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43470

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 613 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 27, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KYLE KENT STRINGHAM, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Judgment of conviction for possession of methamphetamine, affirmed; order denying motion to suppress, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Kyle Kent Stringham appeals from his judgment of conviction, asserting the district court erred in denying his motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Late on a Monday afternoon, an Idaho State Police officer was patrolling a small section of Interstate 15 used heavily by commuters. This particular stretch of interstate has two northbound lanes and two southbound lanes separated by a median, and the speed limit is 80 miles per hour. For over an hour, the officer observed cars traveling an average of 80 miles per hour. Although it was a somewhat windy day, the road conditions were otherwise good. Around 4 p.m., the officer observed an SUV with items loaded on its roof rack traveling slower

1

than the other cars on the road. The SUV was traveling in the left-hand southbound lane, and the officer clocked its speed at 68 miles per hour.

The officer initiated a traffic stop of the SUV for traveling slower than the normal speed of traffic in the left-hand lane, determining the SUV was being driven in violation of Idaho Code § 49-630(2). Stringham was the driver of the SUV. After making contact with Stringham, the officer recognized signs of impairment and conducted field sobriety tests. The officer arrested Stringham after he failed those tests. Upon arrest, the officer searched the SUV and found numerous items of contraband. The State charged Stringham with possession of methamphetamine and unlawful possession of a firearm with a persistent violator enhancement.

Stringham filed a motion to suppress evidence, arguing the evidence was obtained as a result of an unlawful seizure. Following a hearing, the district court denied the motion, finding the traffic stop was justified by a reasonable suspicion that Stringham had violated I.C. § 49-630(2).

Stringham entered a conditional *Alford*[1] plea to the possession of methamphetamine charge, I.C. § 37-2732(c)(1), reserving the right to appeal the district court's denial of his suppression motion. The State dismissed the remaining charges. Stringham timely appeals.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Stringham argues the officer did not have reasonable suspicion to effectuate the traffic stop, thus it constituted an unlawful seizure in violation of his constitutional rights. The State

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

relies on the officer's observation of Stringham's traffic violation as establishing the requisite reasonable suspicion.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

After observing Stringham traveling 68 miles per hour in the left-hand lane of an 80-mile-per-hour stretch of highway where, on average, the other cars were traveling 80 miles per hour, the officer determined Stringham had violated I.C. § 49-630(2). This statute reads as follows:

> Upon all highways any vehicle proceeding at less than normal speed of traffic at the time and place and under the conditions then existing, shall be driven in the right-hand lane available for traffic, or as close as practicable to the right-hand curb or edge of the highway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway.

I.C. § 49-630(2).

Stringham maintains his operation of the SUV did not violate the statute at issue, thus the officer could not have reasonable and articulable suspicion to justify the stop. Stringham concentrates his argument on the uncontested fact that he was not immediately surrounded by other vehicles on the roadway, therefore his speed was the "normal speed of traffic." He further suggests that because he was not in violation of any other statutory minimum/maximum speed limits, because his SUV had items on the roof rack, and because it was windy, his speed of

3

12 miles per hour under the maximum speed limit was a "normal" speed under "the conditions then existing." Stringham's argument improperly parses the statute into separate components, ignores several relevant factual considerations, and misses the purpose of the law.

When interpreting a statute, even an unambiguous one, the statute is to be construed as a whole without separating one provision from another. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). The challenged phrase in this statute, "normal speed of traffic at the time and place and under the conditions then existing," indicates that determination of the "normal" speed of traffic depends *both* upon the "time and place" *and* the "conditions then existing." Moreover, the statutory language does not limit consideration of the existing conditions to those affecting only a particular vehicle or driver. The time, place, and all existing conditions on the roadway are relevant in determining whether a particular vehicle is being driven slower than the normal speed of traffic in violation of the statute.

This interpretation is consistent with the overall purpose of the motor vehicle code, which is to "protect motorists and other persons using Idaho's roads from a particular harm caused by persons operating motor vehicles thereon." *Ahles v. Tabor*, 136 Idaho 393, 396, 34 P.3d 1076, 1079 (2001), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). Idaho Code § 49-630(2) furthers this goal by requiring cars needing to travel slower than the normal speed of traffic, for any reason affecting that vehicle only, to proceed in the right-hand lane. *Mundy v. Johnson*, 84 Idaho 438, 448, 373 P.2d 755, 761 (1962) (acknowledging statutory duty of slower-moving vehicles to travel in the right-hand lane). This requirement prevents slow-moving vehicles from impeding the ordinary flow of traffic.

Turning to consideration of the facts in this case, the place here was an 80-mile-per-hour-stretch of interstate. The time was approximately 4 p.m. on a weekday, during normal commuting hours. Regarding the conditions then existing, the weather was windy, the road was dry, and the other cars on the relevant stretch were traveling, on average, 80 miles per hour. Although Stringham was not immediately surrounded by other vehicles, his SUV was not the only vehicle on the interstate at that time and place. The fact that it was windy appeared to be a condition affecting Stringham's vehicle alone due to its large nature and gear loaded on the roof rack. The officer properly considered all of the factors and conditions surrounding the stop in determining that Stringham was unlawfully traveling in the left-hand lane at a speed less than the

4

normal speed of traffic.  Based upon the totality of the circumstances at the time of the stop, the officer had reasonable and articulable suspicion to justify stopping Stringham's SUV.  Therefore, the district court did not err in denying Stringham's motion to suppress.

## III.

## CONCLUSION

The officer had reasonable and articulable suspicion to justify the traffic stop.  Therefore, the district court did not err in denying Stringham's motion to suppress.  The judgment of conviction is affirmed.

Judge GRATTON and Judge HUSKEY **CONCUR**.